KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
JORDAN F. FAUX, ESQ.
Nevada Bar No. 12205
THE FAUX LAW GROUP
2625 North Green Valley Parkway, #100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email:  kfaux@fauxlaw.com
         wsiepmann@fauxlaw.com
         jfaux@fauxlaw.com
*Attorneys for Great American Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPRATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; IUPAT POLITICAL ACTION TOGETHER FUND; STAR PROGRAM, INC.; SOUTHERN NEVADA PDCA/FCA INDUSTRY PROMOTION FUND, <br><br>                    Plaintiffs, <br> vs | Case No.: 2:24-cv-01023-APG-NJK <br><br> **GREAT AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

THE FAUX LAW GROUP
2625 N. GREEN VALLEY PARKWAY, SUITE 100
HENDERSON, NEVADA 89014
TEL. (702) 458-5790

1

OLYMPUS CONSTRUCTION LV, INC., A Nevada corporation; HOSPITALITY RENOVATION SERVICES, LLC, a Nevada limited liability company; PHILIP GLEN FRIEDBERG, an individual; MARIE JAN BOWER, an individual; MARIE JAN BOWER, an individual; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; DOES I-X and ROES I-X,

Defendants.

Defendant, Great American Insurance Company (hereinafter "GAIC") by and through its attorneys of record, The Faux Law Group, hereby answers Plaintiffs' Complaint and admits, denies and alleges as follows:

## JURISDICTION & VENUE

1. In answering Paragraphs 1, 2, 3 and 4 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## PARTIES

2. In answering Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19 and 21 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

3. In answering Paragraph 18 of Plaintiffs' Complaint, GAIC admits the allegations contained therein.

4.      In answering Paragraph 20 of Plaintiffs' Complaint, GAIC denies the allegations as it pertains to GAIC.  GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations as it pertains to the other Defendants, and accordingly, denies the same.

**GENERAL ALLEGATIONS**

5.      In answering Paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74 and 75 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

6.      In answering Paragraph 73 of Plaintiffs' Complaint, GAIC admits that the bond speaks for itself; otherwise, denied.

7.      In answering Paragraph 76 of Plaintiffs' Complaint, GAIC denies the allegations as it pertains to GAIC.  GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations as it pertains to the other Defendants, and accordingly, denies the same.

**FIRST CAUSE OF ACTION**

[Breach of Contract – OCLV and HRS]

8.      In answering Paragraph 77, of Plaintiffs' Complaint, GAIC repeats, realleges and incorporates its answer to Paragraphs 1 through 76 of Plaintiffs' Complaint as though fully set forth herein.

9.      In answering Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 and 90 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a

3

belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## SECOND CAUSE OF ACTION

[Violation of ERISA – 29 U.S.C. §1145 – OCLV and HRS]

10. In answering Paragraph 91, of Plaintiffs' Complaint, GAIC repeats, realleges and incorporates its answer to Paragraphs 1 through 90 of Plaintiffs' Complaint as though fully set forth herein.

11. In answering Paragraphs 92, 93, 94, 95, 96, 97, 98 and 99 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## THIRD CAUSE OF ACTION

[Breach of Written Trust Agreements – Friedberg and Bower]

12. In answering Paragraph 100, of Plaintiffs' Complaint, GAIC repeats, realleges and incorporates its answer to Paragraphs 1 through 99 of Plaintiffs' Complaint as though fully set forth herein.

13. In answering Paragraphs 101, 102, 103, 104 and 105 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## FOURTH CAUSE OF ACTION

[Demand for Relief on the License Bonds Pursuant to NRS 624.273 – Western National]

14. In answering Paragraph 106, of Plaintiffs' Complaint, GAIC repeats, realleges and incorporates its answer to Paragraphs 1 through 105 of Plaintiffs' Complaint as though fully set forth herein.

15. In answering Paragraphs 107, 108, 109 and 110 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## FIFTH CAUSE OF ACTION

[Demand for Relief on Benefit Bond – Great American]

16. In answering Paragraph 111, of Plaintiffs' Complaint, GAIC repeats, realleges and incorporates its answer to Paragraphs 1 through 110 of Plaintiffs' Complaint as though fully set forth herein.

17. In answering Paragraphs 112 and 113 of Plaintiffs' Complaint GAIC admits that the bond speaks for itself; otherwise, denied.

18. In answering Paragraphs 114 and 115 of Plaintiffs' Complaint, GAIC is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein, and accordingly, denies the same.

## AFFIRMATIVE DEFENSES

1. Each and every cause of action in Plaintiffs' Complaint fails to allege sufficient facts to state a cause of action upon which relief can be granted.

2. Plaintiffs lacks standing to assert a bond claim.

3. GAIC's liability for payment to the bond(s) is limited and specifically confined to the penal sum of the bond(s), Nevada case precedent, and prior bond claim payments, if any.

4. No claim may be made on the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s).

5. No claim may be made on the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s).

///

///

5

6. In the event the Plaintiffs are persons or entities entitled to recover pursuant to the surety bond(s), Plaintiff's right to recover on the bond(s) is limited to the penal sum and pro rata distribution and order of priority of payments.

7. GAIC is entitled to assert all the affirmative defenses and claims of the principal.

8. The principal was excused from performing on the alleged contract based on anticipatory breach of the Plaintiffs.

9. If the principal failed to perform any contractual obligations owed to the Plaintiffs, there existed a valid excuse for such performance.

10. The principal fulfilled its duties under Nevada law and performed, satisfied and discharged all duties and obligations it may have owed the Plaintiff arising out of any and all agreements, representations, or contracts, unless and until prevented from further doing so, and thereby extinguished and fully discharged all such duties and obligations, if any.

11. Plaintiffs' Complaint is moot as GAIC has fully performed any and all of its obligations as set forth in the Bond.

12. Plaintiffs' claims are barred because Plaintiffs breached their own contractual obligations to Principal, and, as a result, GAIC is released or discharged from its obligations, if any, to Plaintiffs.

13. Plaintiffs have no privity of contract or other relationship such that Plaintiffs are entitled to assert a claim upon the bond.

14. If Plaintiffs suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was proximately caused and contributed to by Plaintiffs' failure to conduct itself in a manner ordinarily expected of a reasonably prudent person conducting his/her affairs.

15. Plaintiffs' claims fail as a matter of law as Plaintiffs are not the beneficiaries under the surety bond(s) at issue.

16. Plaintiffs' claims fail as a matter of law as Plaintiffs have failed to mitigate their damages, if any.

17. Plaintiffs failed to give notice of any breach of contract, if any, within a reasonable time after Plaintiffs knew, or should have known, of said alleged breach of contract, said alleged breach not being herein admitted but expressly denied.

18. Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent to bringing any action against GAIC.

19. Plaintiffs have failed to join indispensable parties.

20. Plaintiffs' claims are barred by Plaintiffs' own interference, the interference of third-parties and/or "acts of God."

21. Plaintiffs' claims are precluded by the applicable statute of limitations.

22. Plaintiffs' claims are precluded by the doctrine of laches.

23. Plaintiffs' claims fail as a matter of law under the doctrines of accord and satisfaction, equitable estoppel, waiver and release.

24. Plaintiffs' claims fail as a matter of law under the doctrine of election of remedies.

25. Plaintiffs' claims fail as a matter of law under the doctrines of mutual mistake, impossibility and/or impracticability.

26. Plaintiffs' claims are barred by the doctrine of unclean hands.

27. Plaintiffs' claims are subject to offset.

28. The Plaintiffs have failed to satisfy the burden of proof as to damages.

29. The attorney's fees and costs claimed by the Plaintiff were unreasonably incurred.

30. GAIC denies each and every allegation not specifically admitted in its Answer to Plaintiffs' Complaint.

31. Pursuant to the Federal Rules of Civil Procedure, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Answer of GAIC and, therefore, GAiC reserves the right to amend its Answer to allege additional affirmative defenses if warranted during the course of discovery or further investigation.

///

**WHEREFORE, GAIC** prays as follows:

1. That Plaintiffs takes nothing by way of their Complaint;

2. That Plaintiffs' Complaint be dismissed as to GAIC;

3. For an award of attorneys' fees and costs incurred in defending Plaintiff's Complaint; and,

4. For such other and further relief as may be deemed just and reasonable by this Court as shown by the evidence to be offered herein.

DATED this 27th day of August, 2024.

THE FAUX LAW GROUP

By: /s/ Willi H. Siepmann
KURT C. FAUX, ESQ.
Nevada Bar No. 003407
WILLI H. SIEPMANN, ESQ.
Nevada Bar No. 002478
JORDAN F. FAUX, ESQ.
Nevada Bar No.  12205
2625 N. Green Valley Parkway, #100
Henderson, Nevada 89014
*Attorneys for Great American Insurance Company*

8

**CERTIFICATE OF SERVICE**

The undersigned, an employee of The Faux Law Group, hereby certifies that on the 27th day of August, 2024, I served a copy of the foregoing document, **GREAT AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** by electronically filing and serving with the Court's E-File and E-Serve filing program:

Wesley J. Smith, Esq.
Kevin B. Archibald, Esq.
Dylan J. Lawter, Esq.
CHRISTENSEN JAMES & MARTIN, CHTD.
7440 W. Sahara Avenue
Las Vegas, NV  89117
Telephone:  (702) 255-1718
Email: wes@cjmlv.com
          kba@cjmlv.com
          djl @cjmlv.com
Attorneys for Plaintiffs

By: /s/ Kathleen Fenn
An employee of THE FAUX LAW GROUP

9