1  KAMER ZUCKER ABBOTT
   Gregory J. Kamer #0270
2  R. Todd Creer #10016
   Dare E. Heisterman #14060
3  6325 South Jones Boulevard, Suite 300
   Las Vegas, Nevada 89118
4  Tel: (702) 259-8640
   Fax: (702) 259-8646
5  gkamer@kzalaw.com
   tcreer@kzalaw.com
6  dheisterman@kzalaw.com

7  Attorneys for Defendants/
   Counterclaim-Plaintiffs

8
                    **UNITED STATES DISTRICT COURT**
9                      **DISTRICT OF NEVADA**

10 BOARD OF TRUSTEES OF THE            )    Case No. 2:24-cv-01023-APG-NJK
   EMPLOYEE PAINTERS' TRUST; BOARD OF  )
11 TRUSTEES OF THE DISTRICT COUNCIL 16 )
   NORTHERN CALIFORNIA JOURNEYMAN      )    **DEFENDANTS HOSPITALITY**
12 AND APPRENTICE TRAINING TRUST       )    **RENOVATION, LLC'S AND MARIE**
   FUND; BOARD OF TRUSTEES OF THE      )    **JAN BOWER'S ANSWER TO**
13 SOUTHERN NEVADA PAINTERS AND        )    **PLAINTIFFS' COMPLAINT AND**
   DECORATORS AND GLAZIERS LABOR-      )    **COUNTERCLAIMS AGAINST**
14 MANAGEMENT COOPERATION              )    **PLAINTIFFS**
   COMMITTEE TRUST; BOARD OF           )
15 TRUSTEES OF THE SOUTHERN NEVADA     )
   AND CALIFORNIA GLAZIERS,            )
16 FABRICATORS, PAINTERS AND           )
   FLOORCOVERERS PENSION TRUST         )
17 FUND; BOARD OF TRUSTEES OF THE      )
   INTERNATIONAL PAINTERS AND          )
18 ALLIED TRADES INDUSTRY PENSION      )
   FUND; BOARD OF TRUSTEES OF THE      )
19 PAINTERS AND ALLIED TRADES LABOR    )
   MANAGEMENT COOPERATION              )
20 INITIATIVE; BOARD OF TRUSTEES OF    )
   THE FINISHING TRADES INSTITUTE;     )
21 IUPAT POLITICAL ACTION TOGETHER     )
   FUND; STAR PROGRAM, INC.; SOUTHERN  )
22 NEVADA PDCA/FCA INDUSTRY            )
   PROMOTION FUND,                     )
23                                     )
                    Plaintiffs,        )
24                                     )
   vs.                                 )

| | |
|---|---|
| 1 | OLYMPUS CONSTRUCTION LV, INC., a ) |
| 2 | Nevada corporation; HOSPITALITY ) RENOVATION SERVICES, LLC, a Nevada ) |
| 3 | limited liability company; PHILIP GLEN ) FRIEDBERG, an individual; MARIE JAN ) |
| 4 | BOWER, an individual; WESTERN ) NATIONAL MUTUAL INSURANCE ) |
| 5 | COMPANY, a Minnesota corporation; GREAT ) AMERICAN INSURANCE COMPANY, an ) |
| 6 | Ohio corporation; DOES I-X and ROES I-X, ) ) |
| 7 | Defendants. ) |

| | |
|---|---|
| 8 | ) |
| 9 | OLYMPUS CONSTRUCTION LV, INC.; ) HOSPITALITY RENOVATION SERVICES, ) LLC; PHILIP GLEN FRIEDBERG; MARIE ) |
| 10 | JAN BOWER, ) ) |
| 11 | Counterclaim-Plaintiffs, ) ) |
| 12 | vs. ) ) |
| 13 | BOARD OF TRUSTEES OF THE ) EMPLOYEE PAINTERS' TRUST; BOARD OF) |
| 14 | TRUSTEES OF THE DISTRICT COUNCIL 16 ) NORTHERN CALIFORNIA JOURNEYMAN ) |
| 15 | AND APPRENTICE TRAINING TRUST ) FUND; BOARD OF TRUSTEES OF THE ) |
| 16 | SOUTHERN NEVADA PAINTERS AND ) DECORATORS AND GLAZIERS LABOR- ) |
| 17 | MANAGEMENT COOPERATION ) COMMITTEE TRUST; BOARD OF ) |
| 18 | TRUSTEES OF THE SOUTHERN NEVADA ) AND CALIFORNIA GLAZIERS, ) |
| 19 | FABRICATORS, PAINTERS AND ) FLOORCOVERERS PENSION TRUST ) |
| 20 | FUND; BOARD OF TRUSTEES OF THE ) INTERNATIONAL PAINTERS AND ) |
| 21 | ALLIED TRADES INDUSTRY PENSION ) FUND; BOARD OF TRUSTEES OF THE ) |
| 22 | PAINTERS AND ALLIED TRADES LABOR ) MANAGEMENT COOPERATION ) |
| 23 | INITIATIVE; BOARD OF TRUSTEES OF ) THE FINISHING TRADES INSTITUTE; ) |
| 24 | IUPAT POLITICAL ACTION TOGETHER ) |

FUND; STAR PROGRAM, INC.; SOUTHERN )
NEVADA PDCA/FCA INDUSTRY )
PROMOTION FUND, )
                                       )
            Counterclaim-Defendants, )
_____ )

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants HOSPITALITY RENOVATION SERVICES, LLC, and MARIE JAN BOWER ("Defendants"), by and through their counsel of record, the law firm of Kamer Zucker Abbott, hereby answer Plaintiffs' Complaint by DENYING EACH AND EVERY ALLEGATION in all paragraphs, except for those paragraphs or portions of paragraphs expressly and specifically admitted or otherwise referenced *infra*:

1.    Answering Paragraphs 1, 2, 3, 4, and 7 of the Complaint, Defendants state that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendants deny each and every factual allegation contained in said paragraphs.

2.    Answering Paragraph 10 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore deny each and every allegation contained in said paragraph.

3.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

4.    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

5.    Answering Paragraph 14 of the Complaint, Defendants state that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendants deny each and every factual allegation contained in said paragraph.

6.    Answering Paragraph 15 of the Complaint, Defendants admit only that

FRIEDBERG is an individual residing in Clark County, Nevada, is the sole owner of OLYMPUS CONSTRUCTION LV, INC., and was the former owner of HOSPITALITY RENOVATION SERVICES, LLC. Defendants deny each and every other allegation contained in Paragraph 15 of the Complaint.

7.    Defendants admit the allegations contained in Paragraph 16 of the Complaint.

8.    Defendants admit the allegations contained in Paragraph 17 of the Complaint.

9.    Defendants admit the allegations contained in Paragraph 18 of the Complaint.

10.    Defendants admit the allegations contained in Paragraph 22 of the Complaint.

11.    Defendants admit the allegations contained in Paragraph 23 of the Complaint.

12.    Answering Paragraphs 25, 26, 28, and 29 of the Complaint, Defendants state that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendants deny each and every factual allegation contained in said paragraphs.

13.    Answering Paragraph 30 of the Complaint, Defendants affirmatively state that the CBAs and Trust Agreements speak for themselves and deny said allegations to the extent said allegations deviate from the exact language of the CBAs and Trust Agreements. Defendants deny each and every other allegation contained in Paragraph 30 of the Complaint.

14.    Answering Paragraphs 31 and 36 of the Complaint, Defendants affirmatively state that the CBAs speak for themselves and deny said allegations to the extent said allegations deviate from the exact language of the CBAs. Defendants deny each and every other allegation contained in Paragraphs 31 and 36 of the Complaint.

15.    Answering Paragraph 41 of the Complaint, Defendants affirmatively state that the CBAs and Trust Agreements speak for themselves and deny said allegations to the extent said allegations deviates from the exact language of the CBAs and Trust Agreements. Defendants further

state that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendants deny each and every factual allegation contained in said paragraph.

16.    Answering Paragraphs 42, 43, 44, and 45 of the Complaint, Defendants affirmatively state that the CBAs and Trust Agreements speak for themselves and deny said allegations to the extent said allegations deviate from the exact language of the CBAs. Defendants deny each and every other allegation contained in Paragraphs 42, 43, 44, and 45 of the Complaint.

17.    Answering Paragraphs 46 and 47 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore deny each and every allegation contained in said paragraphs.

18.    Answering Paragraph 53 of the Complaint, Defendants admit only that Plaintiffs have made a demand for payment. Defendants deny each and every other allegation contained in Paragraph 53 of the Complaint.

19.    Answering Paragraph 55 of the Complaint, Defendants admit only that OLYMPUS CONSTRUCTION LV, INC., is owned by FRIEDBERG. Defendant further admits only that HOSPITALITY RENOVATION SERVICES, LLC, is owned by BOWER. Defendants deny each and every other allegation contained in Paragraph 55 of the Complaint.

20.    Answering Paragraph 56 of the Complaint, Defendants admit only that FRIEDBERG exercised control over the management, operations, and labor relations of OLYMPUS CONSTRUCTION LV, INC. Defendants further admit only that BOWER exercised control over the management, operations, and labor relations of HOSPITALITY RENOVATION SERVICES, LLC. Defendants deny each and every other allegation contained in Paragraph 56 of the Complaint.

21.    Answering Paragraph 57 of the Complaint, Defendants admit only that

FRIEDBERG was controlling stockholder, shareholder, member, manager, director, officer, principal, agent and/or key employee of OLYMPUS CONSTRUCTION LV, INC., whose duty required decision making regarding the operations of OLYMPUS CONSTRUCTION LV, INC., procurement and negotiation of contracts, hiring/firing of work force, direction of labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments. Defendants further admit only that BOWER was controlling stockholder, shareholder, member, manager, director, officer, principal, agent and/or key employee of HOSPITALITY RENOVATION SERVICES, LLC, whose duty required decision making regarding the operations of HOSPITALITY RENOVATION SERVICES, LLC, procurement and negotiation of contracts, hiring/firing of work force, direction of labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments. Defendants deny each and every other allegation contained in Paragraph 57 of the Complaint.

22.    Answering Paragraphs 59 and 60 of the Complaint, Defendants admit only that OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC have from time to time engaged in arm's length contracts with each other. Defendants deny each and every other allegation contained in Paragraphs 59 and 60 of the Complaint.

23.    Answering Paragraph 68 of the Complaint, Defendants state that they are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore deny each and every allegation contained in said paragraph.

24.    Defendants admit the allegations contained in Paragraph 72 of the Complaint.

25.    Defendants state that they are without sufficient knowledge or information to admit

or deny the truth of the allegations and therefore deny each and every allegation contained in said paragraph.

26.     Answering Paragraph 74 of the Complaint, Defendants affirmatively state that the CBAs and Trust Agreements speak for themselves and deny said allegations to the extent said allegations deviate from the exact language of the CBAs. Defendants deny each and every other allegation contained in Paragraph 74 of the Complaint.

27.     Answering Paragraphs 77, 91, 100, 106, and 111 of the Complaint, Defendants repeat and reassert their foregoing denials and responses to the foregoing paragraphs.

28.     Answering Plaintiffs' Prayer for Relief, Defendants assert that Plaintiffs are not entitled to any of the requested monetary damages in any amount at all or to any other kind of relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon such other affirmative defenses as may be supported by the facts to be determined by full and complete discovery and voluntarily withdraw any affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Defendants deny all of Plaintiffs' allegations except as specifically set forth above. For purposes of this Affirmative Defense only, Defendants allege that Plaintiffs' Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the conduct, actions, and/or inactions of Plaintiffs which amount to and constitute an estoppel of the causes of action asserted and any relief sought.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole due to fraud utilized to secure execution of the Southern Nevada Painting, Wallcovering & Drywall Finishing Master Agreement by HOSPITALITY RENOVATION SERVICES, LLC.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of accord, satisfaction, release, and waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part and injunctive relief is improper because of Plaintiffs' unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own intentional acts and/or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in compliance with any contract(s) or agreement(s) to which they were a party.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' authority to audit is derived by written agreement. Any demand to audit an entity not party to the agreement exceeds the scope of the Plaintiffs' auditing authority and, as such, Plaintiffs are precluded from pursuing related claims in their Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery of any costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint has been brought without reasonable ground and/or to extort, harass,

or oppress Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because the injuries and damages claimed by Plaintiffs resulted from acts and/or omissions of persons other than Defendants or their authorized agents.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs, if any, were not actually or proximately caused by any act or omission of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because no definite or express terms of the Trust Agreements or collective bargaining agreements provide for contributions by Defendants as assessed by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because Defendants operated as separate and distinct entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because Defendants did not have any union animus.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the statute of frauds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complain is barred in whole or in part due to the Court's lack of subject matter jurisdiction to hear claims regarding jurisdictional disputes between unions over covered work whereas such primary jurisdiction is given to the National Labor Relations Board.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part due to a failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the wholesale misclassification of employees by the auditor during the audit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part to the extent Defendants are not employers required to make contributions by not being a signatory to certain agreements or documents.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The nature of the claims asserted by Plaintiffs under cover of their Complaint is not specific and is vague and ambiguous. Because Plaintiffs have not provided Defendants with specific information regarding their Complaint, Defendants reserve their right to amend their Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of Plaintiffs' claims and the facts relating to them are revealed to Defendants.

WHEREFORE, Defendants pray this Court for relief as follows:

1.      That Plaintiffs' Complaint be dismissed with prejudice;

2.      That Defendants be awarded their reasonable attorneys' fees and costs in defense of this matter; and

3.      For such and other further relief as the Court deems reasonable and proper.

### DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

HOSPITALITY RENOVATION SERVICES, LLC, and MARIE JAN BOWER (for purposes of these counterclaims collectively referred to as "Counterclaim-Plaintiffs"), state counterclaims against Counterclaim-Defendants BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; IUPAT POLITICAL ACTION TOGETHER FUND; STAR PROGRAM, INC.; SOUTHERN NEVADA PDCA/FCA INDUSTRY PROMOTION FUND (for purposes of these counterclaims collectively referred to as "Counterclaim-Defendants") as follows:

### JURISDICTION

1.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and Fed. R. Civ. P. 13.

**VENUE**

2.    Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

**THE PARTIES**

3.    OLYMPUS CONSTRUCTION LV, INC., is a Nevada corporation. During the relevant time, OLYMPUS CONSTRUCTION LV, INC. maintained an office and place of business in Las Vegas, Nevada. OLYMPUS CONSTRUCTION LV, INC., is signatory to the Southern Nevada Painting, Wallcovering & Drywall Finishing Master Agreement, Floorcoverers Local 1512 Master Agreement, and Southern Nevada Glaziers Master Agreement.

4.    PHILIP GLEN FRIEDBERG is an individual residing in Clark County, Nevada. FRIEDBERG is the owner and operator of OLYMPUS CONSTRUCTION LV, INC.

5.    HOSPITALITY RENOVATION SERVICES, LLC, is a Nevada limited liability company. During the relevant time, HOSPITALITY RENOVATION SERVICES, LLC maintained an office and place of business in Las Vegas, Nevada. HOSPITALITY RENOVATION SERVICES, LLC, is only signatory to the Southern Nevada Painting, Wallcovering & Drywall Finishing Master Agreement.

6.    MARIE JAN BOWER is an individual residing in Clark County, Nevada. BOWER is the owner and operator of HOSPITALITY RENOVATION SERVICES, LLC.

7.    Upon information and belief, the Employee Painters' Trust, District Council 16 Northern California Journeyman and Apprentice Training Trust Fund, Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund, International Painters and Allied Trades Industry Pension Fund, Painters and Allied Trades Labor-Management Cooperation Initiative, and Finishing Trades Institute (collectively "Trusts") are each express trusts

and/or committees created pursuant to written declarations of trust ("Trust Agreements"), consistent with § 302(c) of the Labor Management Relations Act of 1947 (29 U.S.C. § 186(c)).

8.      Upon information and belief, the Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary" with in the meaning of 29 U.S.C. §1102(a), a "plan sponsor" within the meaning of 29 U.S.C. § 1002(16), and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21), with respect to collection of contributions due to the Trusts, provision of benefits to Trust beneficiaries, and related matters.

9.      Upon information and belief, Star Program, Inc. is a California nonprofit mutual benefit corporation organized for the purpose of providing job training in the glazing, painting, drywall finishing and floor covering crafts, consistent with those established under 29 U.S.C. § 186(c).

10.      Upon information and belief, one or more of the Counterclaim-Defendants are jointly administered in Las Vegas, Nevada.

**NATURE OF COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

11.      This is an action to combat an abusive scheme designed to force separately owned and operated business entities to operate as if they are subject to the same labor agreements, although factually that is untrue, which circumvents the democratic process favored by federal labor policy allowing employee free choice, and to obtain unlawful contributions from the same business entities.

12.      The Counterclaim-Defendants acted in concert through agents by inducing Counterclaim-Plaintiffs to sign a settlement agreement, which required HOSPITALITY RENOVATION SERVICES, LLC, to become a signatory only to the Southern Nevada Painting, Wallcovering & Drywall Finishing Master Agreement, and agreeing that HOSPITALITY RENOVATION SERVICES, LLC, is a distinct entity from OLYMPUS CONSTRUCTION LV,

INC. Thereafter, the Counterclaim-Defendants, however, intentionally breached the settlement agreement by alleging that HOSPITALITY RENOVATION SERVICES, LLC, and OLYMPUS CONSTRUCTION LV, INC., are alter ego, single, or joint employers, and demanding contributions be paid jointly for work performed by employees of each separate entity.

13.     Utilizing the threat of an otherwise legitimate process—an audit, the collection of trust fund contributions, and a lawsuit to collect the same—results in the extortion of the Counterclaim-Plaintiffs to be obligated by agreements to which they are not signatories and/or to be responsible for the contribution obligations of distinct legal entities. Such action by the Counterclaim-Defendants constitutes a breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, and an abuse of process.

14.     As a result of the foregoing, Counterclaim-Plaintiffs have been damaged by the costs of the audit against them and have been forced to expend resources to hire counsel to defend against the improperly lawsuit filed against them and to bring these counterclaims. The Counterclaim-Plaintiffs seek to remedy that harm through this action.

## **FACTUAL BACKGROUND**

15.     The foregoing paragraphs are restated and realleged as if stated in full herein.

16.     On or about September 15, 2016, the International Union of Painters & Allied Trades District Council 15, Painters Local 159 ("Union") initiated a grievance against OLYMPUS CONSTRUCTION LV, INC., alleging that HOSPITALITY RENOVATION SERVICES, LLC, is a "sister company" to OLYMPUS CONSTRUCTION LV, INC., and thereby a signatory to the master labor agreement and obligated to the terms and conditions set forth therein ("Grievance").

17.     Thereafter, on or about September 20, 2016, the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters

Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund initiated a payroll compliance audit of OLYMPUS CONSTRUCTION LV, INC. ("Audit").

18.  As part of the Audit, the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund sought records and documents pertaining to HOSPITALITY RENOVATION SERVICES, LLC, which they alleged was a "possible closely related company" to OLYMPUS CONSTRUCTION LV, INC.

19.  OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, disputed that they had a "closely related company" or "sister company" relationship. Indeed, FRIEDBERG sold HOSPITALITY RENOVATION SERVICES, LLC, on or about January 1, 2014, through an arm's length transaction for valuable consideration, to BOWER, with whom he has never had a familial relationship of any kind.

20.  The Union, OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, eventually reached a resolution of their dispute and entered into a settlement agreement executed by the parties therein in June 2017.

21.  As part of the settlement agreement among the Union, OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, HOSPITALITY RENOVATION SERVICES, LLC, agreed to be bound by all the terms and conditions of the July 1, 2015 – June 30, 2019 Painters & Decorators Master Labor Agreement

between the International Union of Painters and Allied Trades District Council #15, Local Union #159 and the Painting and Decorating Contractors of America Southern Nevada Chapter, Las Vegas, Nevada ("Master Labor Agreement").

22.    HOSPITALITY RENOVATION SERVICES, LLC, further agreed, and did in fact, take the necessary steps to sign the necessary documents pertaining to the Master Agreement, as well as any corresponding Trust Fund documents.

23.    HOSPITALITY RENOVATION SERVICES, LLC, is not a signatory to any other collective bargaining agreement.

24.    The Union, OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, expressly agreed as part of their settlement agreement that terms and conditions of their settlement agreement, or performance of the same, must not be construed as the admission of or creation of a joint or single employer relationship between OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, and that such relationship was specifically disclaimed by all of the parties.

25.    Concurrent to the settlement of the Grievance, OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, entered into a settlement agreement with the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund.

26.    Per the terms of the settlement agreement, the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship &

Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund expressly reserved the right to conduct a payroll compliance review and/or audit of OLYMPUS CONSTRUCTION LV, INC., for the post-Audit period.

27. However, per the express terms of the settlement agreement, "[a]ny liabilities to the Trust Funds that may arise out of such Post-Audit Period, including claims for subcontract violations under Article 14 of the MLA where [HOSPITALITY RENOVATION SERVICES, LLC] was hired to perform covered work under a subcontract to [OLYMPUS CONSTRUCTION LV, INC.], **but excluding claims related to [HOSPITALITY RENOVATION SERVICES, LLC] as a related company**, are expressly reserved, not waived, and not released." [emphasis added].

28. Despite the Union's disclaimer of any related entity status between OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, and the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund's express exclusion of HOSPITALITY RENOVATION SERVICES, LLC, as a related company, Counterclaim-Defendants have audited and brought the instant lawsuit against OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, alleging, among other things, that OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES,

1    LLC, are a single employer, joint employers, or alter egos of each other.

2         29.    The breach of the settlement agreement by the Employee Painters' Trust, Painters &

3    Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship &

4    Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters

5    Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of

6    Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters &

7    Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together

8    Fund has been compounded by the overreaching of their agent, Berry & Company CPAs, LTD, in

9    the wholesale misclassification of employees, descriptions of the work performed, and application of

10   collective bargaining provisions to non-signatory employers, resulting in an exorbitant inflation of

11   allegedly owed contributions.

12        30.    Due to the breach of contract and bad faith conduct of Counterclaim-Defendants,

13   Counterclaim-Plaintiffs have been damaged and will continue to incur further damages during the

14   course of this litigation. The acts of the Counterclaim-Defendants alleged above were characterized

15   by fraud, oppression, or malice, as well as conscious disregard for the rights of the Counterclaim-

16   Plaintiffs, and the Counterclaim-Plaintiffs are therefore entitled to recover punitive damages.

17             **FIRST COUNTERCLAIM – BREACH OF CONTRACT**

18        31.    The foregoing paragraphs are restated and realleged as if stated in full herein.

19        32.    A valid agreement existed between OLYMPUS CONSTRUCTION LV, INC., and

20   HOSPITALITY RENOVATION SERVICES, LLC, and the Employee Painters' Trust, Painters &

21   Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship &

22   Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters

23   Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of

24   Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters &

1  Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together

2  Fund.

3      33.    OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION

4  SERVICES, LLC, fulfilled their obligations under the agreement.

5      34.    The Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters,

6  Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers &

7  Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada

8  PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry

9  Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management

10  Cooperation Initiative, and IUPAT Political Action Together Fund breached the agreement by

11  treating and pursuing an audit and litigation against OLYMPUS CONSTRUCTION LV, INC., and

12  HOSPITALITY RENOVATION SERVICES, LLC, as if they were a single employer, joint

13  employer, or alter egos of each other.

14      35.    By breaching the agreement, the Employee Painters' Trust, Painters & Floorcoverers

15  Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training

16  Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund,

17  Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied

18  Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor

19  Management Cooperation Initiative, and IUPAT Political Action Together Fund have damaged

20  OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES,

21  LLC, and will continue do so as they maintain the present litigation in an amount to be proven at

22  trial.

23  **SECOND COUNTERCLAIM – BREACH OF THE COVENANT OF GOOD FAITH
AND FAIR DEALING**

24

    36.    The foregoing paragraphs are restated and realleged as if stated in full herein.

37.    In every contract under Nevada law, including the one between OLYMPUS CONSTRUCTION LV, INC., and HOSPITALITY RENOVATION SERVICES, LLC, and the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund, there is a covenant of good faith and fair dealing, which Counterclaim-Defendants breached.

38.    The breach by the Employee Painters' Trust, Painters & Floorcoverers Joint Committee, Painters, Glaziers & Floorcoverers Joint Apprenticeship & Journeyman Training Trust, Painters, Glaziers & Floorcoverers Safety Training Trust Fund, Painters Organizing Fund, Southern Nevada PDCA/FCA Industry Promotion Fund, International Union of Painters & Allied Trades Industry Pension Fund, IUPAT Finishing Trades Institute, Painters & Allied Trades Labor Management Cooperation Initiative, and IUPAT Political Action Together Fund has been compounded by the  overreaching of their agent, Berry & Company CPAs, LTD, in the wholesale misclassification of employees, descriptions of the work performed, and application of collective bargaining provisions to non-signatory employers, resulting in an exorbitant inflation of allegedly owed contributions.

39.    The conduct of the Counterclaim-Defendants caused, and continues to cause, significant injury to Counterclaim-Plaintiffs, including being damaged by the costs of the audit against them and being forced to expend resources to retain counsel and to bring these counterclaims.

40.    As a direct and proximate result of the foregoing the Counterclaim-Plaintiffs have

1  been damaged in an amount to be proven at trial.

2       41.     The acts of the Counterclaim-Defendants alleged above were characterized by fraud,

3  oppression, or malice, as well as conscious disregard for the rights of the Counterclaim-Plaintiffs,

4  and the Counterclaim-Plaintiffs are therefore entitled to recover punitive damages.

5  **THIRD COUNTERCLAIM – CIVIL CONSPIRACY**

6       42.     The foregoing paragraphs are restated and realleged as if stated in full herein.

7       43.     As alleged above, Counterclaim-Defendants conspired together and with their agents

8  in furtherance of the intentional breach of contract in an effort to unjustly and unlawfully force

9  contributions to Counterclaim-Defendants from non-signatory entities and/or for work not covered

10  by the appliable collective bargaining agreements.

11       44.     The conduct of the Counterclaim-Defendants caused, and continues to cause,

12  significant injury to Counterclaim-Plaintiffs, including being damaged by the costs of the audit

13  against them and being forced to expend resources to retain counsel and to bring these

14  counterclaims.

15       45.     As a direct and proximate result of the foregoing the Counterclaim-Plaintiffs have

16  been damaged in an amount to be proven at trial.

17       46.     The acts of the Counterclaim-Defendants alleged above were characterized by fraud,

18  oppression, or malice, as well as conscious disregard for the rights of the Counterclaim-Plaintiffs,

19  and the Counterclaim-Plaintiffs are therefore entitled to recover punitive damages.

20  **FOURTH COUNTERCLAIM – ABUSE OF PROCESS**

21       47.     The foregoing paragraphs are restated and realleged as if stated in full herein.

22       48.     This claim is brought against all of the Counterclaim-Defendants.

23       49.     On May 31, 2024, the Counterclaim-Defendants filed this Lawsuit against the

24  Counterclaim-Plaintiffs, alleging the Counterclaim-Plaintiffs failed to make contributions to the

Funds in violation of a collective bargaining agreement, related trust agreements, and the Employee Retirement Income Security Act of 1974 ("ERISA").

50.    The Counterclaim-Defendants filed this Lawsuit against the Counterclaim-Plaintiffs despite the fact that Counterclaim-Defendants knew that: (i) no valid collective bargaining agreement and related trust agreements existed and correspondingly that HOSPITALITY RENOVATION SERVICES, LLC, had no obligation to make contributions to the Funds for certain work; (ii) that HOSPITALITY RENOVATION SERVICES, LLC, is a separate and distinct entity from OLYMPUS CONSTRUCT LV, INC.; and (iii) Counterclaim-Defendants' express agreement that HOSPITALITY RENOVATION SERVICES, LLC, and OLYMPUS CONSTRUCTION LV, INC., were not to be considered alter ego, single, or joint employers.

51.    Counterclaim-Defendants filed this Lawsuit against the Counterclaim-Plaintiffs for ulterior purposes, including but not limited to: (i) to extort and coerce HOSPITALITY RENOVATION SERVICES, LLC, and OLYMPUS CONSTRUCTION LV, INC., to operate as if they were both signatories to all of the relevant collective bargaining agreements and an alter ego, single, or joint employer; (ii) to threaten to put out Counterclaim-Plaintiffs out of business through audit and litigation costs; and (iii) to unlawfully enrich the Counterclaim-Defendants through contributions of known non-signatory entities and/or for work not covered by the applicable collective bargaining agreements.

52.    Counterclaim-Defendants committed willful acts in the use of the process not proper in the regular conduct of the proceedings, including but not limited to threatening and actually pursuing litigation against Counterclaim-Plaintiffs if they did not provide audit documentation or make certain contributions.

53.    As a direct and proximate result of the foregoing the Counterclaim-Plaintiffs have been damaged in an amount to be proven at trial.

54. The acts of the Counterclaim-Defendants alleged above were characterized by fraud, oppression, or malice, as well as conscious disregard for the rights of the Counterclaim-Plaintiffs, and the Counterclaim-Plaintiffs are therefore entitled to recover punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs pray for relief as follows:

1. That judgment be rendered in favor of the Counterclaim-Plaintiffs on all of their counterclaims in an amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial;

3. For such other and further relief as the Court deems reasonable and proper.

### JURY DEMAND

Defendants/Counterclaim-Plaintiffs hereby demand that all triable issues and claims be heard and tried by a jury.

DATED this 3rd day of September, 2024.

Respectfully submitted,

KAMER ZUCKER ABBOTT

By:    /s/ R. Todd Creer
Gregory J. Kamer #0270
R. Todd Creer #10016
Dare E. Heisterman #14060
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646

*Attorneys for Defendants/Counterclaim-Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2024, the undersigned employee of Kamer Zucker Abbott served a copy of the foregoing **DEFENDANTS HOSPITALITY RENOVATION SERVICES, LLC'S AND MARIE JAN BOWER'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

Wesley J. Smith, Esq.
Kevin B. Archibald, Esq.
Dylan J. Lawter, Esq.
Christensen James & Martin, Chtd.
7440 West Sahara Avenue
Las Vegas, Nevada 89117

*Attorneys for Plaintiffs/Counterclaim-Defendants*

Kurt C. Faux, Esq.
Willi H. Siepmann, Esq.
Jordan F. Faux, Esq.
The Faux Law Group
2625 North Green Valley Parkway, #100
Henderson, Nevada 89014

*Attorneys for Defendant Great American Insurance Company*

By:     /s/ R. Todd Creer
        An employee of Kamer Zucker Abbott