KAMER ZUCKER ABBOTT
Gregory J. Kamer #0270
R. Todd Creer #10016
Dare E. Heisterman #14060
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
dheisterman@kzalaw.com

Attorneys for Defendants/
Counterclaim-Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; IUPAT POLITICAL ACTION TOGETHER FUND; STAR PROGRAM, INC.; SOUTHERN NEVADA PDCA/FCA INDUSTRY PROMOTION FUND,<br><br>                    Plaintiffs,<br><br>vs. | Case No. 2:24-cv-01023-APG-NJK<br><br>**DEFENDANT WESTERN NATIONAL MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

| | |
|---|---|
| OLYMPUS CONSTRUCTION LV, INC., a Nevada corporation; HOSPITALITY RENOVATION SERVICES, LLC, a Nevada limited liability company; PHILIP GLEN FRIEDBERG, an individual; MARIE JAN BOWER, an individual; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; DOES I-X and ROES I-X,<br><br>                Defendants.<br><br>OLYMPUS CONSTRUCTION LV, INC.; HOSPITALITY RENOVATION SERVICES, LLC; PHILIP GLEN FRIEDBERG; MARIE JAN BOWER,<br><br>                Counterclaim-Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; IUPAT POLITICAL ACTION TOGETHER | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FUND; STAR PROGRAM, INC.; SOUTHERN )
NEVADA PDCA/FCA INDUSTRY )
PROMOTION FUND, )
                                     )
                 Counterclaim-Defendants, )
_____ )

Defendant WESTERN NATIONAL MUTUAL INSURANCE COMPANY ("Defendant"), by and through its counsel of record, the law firm of Kamer Zucker Abbott, hereby answers Plaintiffs' Complaint by DENYING EACH AND EVERY ALLEGATION in all paragraphs, except for those paragraphs or portions of paragraphs expressly and specifically admitted or otherwise referenced *infra*:

      1.      Answering Paragraphs 1, 2, 3, 4, and 7 of the Complaint, Defendant states that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in said paragraphs.

      2.      Answering Paragraphs 5, 6, 9, 10, 11, 12, 13, 14, 15, and 16 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

      3.      Defendant admits the allegations contained in Paragraph 17 of the Complaint.

      4.      Answering Paragraph 18 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraph.

      5.      Answering Paragraph 21 of the Complaint, Defendant states that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in said paragraph.

6. Answering Paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

7. Answering Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

8. Answering Paragraph 50 of the Complaint, Defendant states that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in said paragraph.

9. Answering Paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

10. Answering Paragraph 67 of the Complaint, Defendant states that those allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in said paragraph.

11. Answering Paragraphs 68 and 69 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

12. Answering Paragraphs 70 and 71 of the Complaint, Defendant states that those

allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in said paragraphs.

13. Defendant admits only the allegations contained in subparagraphs 72(a), (b), (c), (d), (e), and (f). Defendant denies any and all other allegations contained in Paragraph 72 of the Complaint.

14. Answering Paragraphs 73, 74, and 75 of the Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the truth of the allegations and therefore denies each and every allegation contained in said paragraphs.

15. Answering Paragraphs 77, 91, 100, 106, and 111 of the Complaint, Defendant repeats and reasserts its foregoing denials and responses to the foregoing paragraphs.

16. Answering Plaintiffs' Prayer for Relief, Defendant asserts that Plaintiffs are not entitled to any of the requested monetary damages in any amount at all or to any other kind of relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon such other affirmative defenses as may be supported by the facts to be determined by full and complete discovery and voluntarily withdraw any affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Defendant denies all of Plaintiffs' allegations except as specifically set forth above. For purposes of this Affirmative Defense only, Defendant alleges that Plaintiffs' Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the conduct, actions, and/or inactions of Plaintiffs which amount to and constitute an estoppel of the causes of action asserted and any relief sought.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' lack standing to assert a bond claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of accord, satisfaction, release, and waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part and injunctive relief is improper because of Plaintiffs' unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own intentional acts and/or omissions.

### EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in compliance with any contract(s) or agreement(s) to which it was a party.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' authority to audit is derived by written agreement. Any demand to audit an entity not party to the agreement exceeds the scope of the Plaintiffs' auditing authority and, as such, Plaintiffs are precluded from pursuing related claims in their Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery of any costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint has been brought without reasonable ground and/or to extort, harass, or oppress Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because the injuries and damages claimed by Plaintiffs resulted from acts and/or omissions of persons other than Defendant or its authorized agents.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs, if any, were not actually or proximately caused by any act or omission of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because no definite or express terms of the Trust Agreements or collective bargaining agreements provide for contributions by Defendant as assessed by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because no claim may be made against the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because o claim may be made against the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the statute of frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complain is barred in whole or in part due to the Court's lack of subject matter

jurisdiction to hear claims regarding jurisdictional disputes between unions over covered work whereas such primary jurisdiction is given to the National Labor Relations Board.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part due to a failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because Defendant is entitled to assert all the affirmative defenses and claims of Olympus Construction LV, Inc., and Hospitality Renovation Services, LLC, and such affirmative defenses negate Plaintiffs' claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part to the extent Defendant is not an employer required to make contributions by not being a signatory to certain agreements or documents.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because, if Olympus Construction LV, Inc., and Hospitality Renovation Services, LLC, failed to perform any contractual obligations owed to the Plaintiffs, there existed a valid excuse for such performance.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred in whole or in part because Olympus Construction LV, Inc., and Hospitality Renovation Services, LLC fulfilled their duties under Nevada and federal law and performed, satisfied, and discharged all duties and obligations they may have owed the Plaintiff arising out of any and all agreements, representations, or contracts, unless and until prevented from further doing so, and thereby extinguished and fully discharged all such duties and obligations, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Defendant has fully performed any and all of its obligations as set forth in the bond(s).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs breached their own contractual obligations to Olympus Construction LV, Inc., and/or Hospitality Renovation Services, LLC, and, as a result, Defendant is released or discharged from its obligations, if any, to Plaintiffs.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs are not the beneficiaries under the bond(s) at issue.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs failed to give notice of any breach of contract, if any, within a reasonable time after Plaintiffs knew, or should have known, of said alleged breach of contract.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent required before bringing an action against Defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because under the doctrines of mutual mistake, impossibility and/or impracticability.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are subject to offset.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred in whole or in part because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The nature of the claims asserted by Plaintiffs under cover of their Complaint is not specific and is vague and ambiguous. Because Plaintiffs have not provided Defendant with specific information regarding their Complaint, Defendant reserves its right to amend its Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of Plaintiffs' claims and the facts relating to them are revealed to Defendant.

WHEREFORE, Defendant prays this Court for relief as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;

2. That Defendant be awarded its reasonable attorneys' fees and costs in defense of this matter; and

///

///

///

3. For such and other further relief as the Court deems reasonable and proper.

## JURY DEMAND

Defendants/Counterclaim-Plaintiffs hereby demand that all triable issues and claims be heard and tried by a jury.

DATED this 3rd day of September, 2024.

                                          Respectfully submitted,

                                          KAMER ZUCKER ABBOTT

By:   /s/ R. Todd Creer
Gregory J. Kamer #0270
R. Todd Creer #10016
Dare E. Heisterman #14060
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2024, the undersigned employee of Kamer Zucker Abbott served a copy of the foregoing **DEFENDANT WESTERN NATIONAL MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

Wesley J. Smith, Esq.
Kevin B. Archibald, Esq.
Dylan J. Lawter, Esq.
Christensen James & Martin, Chtd.
7440 West Sahara Avenue
Las Vegas, Nevada 89117

*Attorneys for Plaintiffs*

Kurt C. Faux, Esq.
Willi H. Siepmann, Esq.
Jordan F. Faux, Esq.
The Faux Law Group
2625 North Green Valley Parkway, #100
Henderson, Nevada 89014

*Attorneys for Defendant Great American Insurance Company*

By: /s/R. Todd Creer
An employee of Kamer Zucker Abbott