**CHRISTENSEN JAMES & MARTIN, CHTD.**
Daryl E. Martin (6735)
Wesley J. Smith (11871)
Dylan J. Lawter (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: dem@cjmlv.com, wes@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiffs Board of Trustees of the*
*Employee Painters' Trust, et al.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE
EMPLOYEE PAINTERS' TRUST; BOARD
OF TRUSTEES OF THE DISTRICT
COUNCIL 16 NORTHERN CALIFORNIA
JOURNEYMAN AND APPRENTICE
TRAINING TRUST FUND; BOARD OF
TRUSTEES OF THE SOUTHERN NEVADA
PAINTERS AND DECORATORS AND
GLAZIERS LABOR-MANAGEMENT
COOPERATION COMMITTEE TRUST;
BOARD OF TRUSTEES OF THE
SOUTHERN NEVADA AND CALIFORNIA
GLAZIERS, FABRICATORS, PAINTERS
AND FLOORCOVERERS PENSION TRUST
FUND; BOARD OF TRUSTEES OF THE
INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND; BOARD OF TRUSTEES OF THE
PAINTERS AND ALLIED TRADES LABOR
MANAGEMENT COOPERATION
INITIATIVE; BOARD OF TRUSTEES OF
THE FINISHING TRADES INSTITUTE;
IUPAT POLITICAL ACTION TOGETHER
FUND; STAR PROGRAM, INC.; SOUTHERN
NEVADA PDCA/FCA INDUSTRY
PROMOTION FUND,

                    Plaintiffs,

CASE NO.: 2:24-cv-01023-APG-NJK

**MOTION TO STRIKE DEFENSES
AND JURY DEMAND**

ORAL ARGUMENT REQUESTED[1]

---

[1] Should the Court schedule oral argument, Plaintiffs' arguments will be presented by Mr. Dylan J. Lawter (SBN 15947), who was first licensed to practice in 2021. A senior attorney will also be present to supplement any argument, subject to the Court's discretion.

*(left margin, vertical text)* CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

vs.

OLYMPUS CONSTRUCTION LV, INC., a Nevada corporation; HOSPITALITY RENOVATION SERVICES, LLC, a Nevada limited liability company; PHILIP GLEN FRIEDBERG, an individual; MARIE JAN BOWER, an individual; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; DOES I-X and ROES I-X,

Defendants.

OLYMPUS CONSTRUCTION LV, INC.; HOSPITALITY RENOVATION SERVICES, LLC; PHILIP GLEN FRIEDBERG; MARIE JAN BOWER,

Counterclaim-Plaintiffs,

vs.

BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; IUPAT POLITICAL ACTION TOGETHER FUND; STAR PROGRAM, INC.; SOUTHERN NEVADA PDCA/FCA INDUSTRY PROMOTION FUND,

Counterclaim-Defendants.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

The Trustees of the Employee Painters' Trust, et al. ("Plaintiffs" "Trusts" or "Plans"), hereby move this Court, pursuant to Fed. R. Civ. P. 12(f), for its Order striking the defenses asserted in the Answers filed by the Defendants. This Motion is made and based upon the following Memorandum of Points and Authorities, the attached Declaration of counsel, the pleadings and papers on file herein, and the oral argument presented by counsel at the Hearing on this Motion, if any.

DATED this 24th day of September, 2024.

**CHRISTENSEN JAMES & MARTIN**

By: ___/s/ Daryl E. Martin___
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Plaintiffs Board of*
*Trustees of the Employee Painters'*
*Trust, et al*

**CHRISTENSEN JAMES & MARTIN, CHTD.**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

   I. STATEMENT OF FACTS ..................................................... 1

   II. ARGUMENT ........................................................................... 6

       A.   General standard for motions to strike defenses........................................ 6

       B.   Congress abolished nearly all defenses in ERISA collection cases. ........ 8

       C.   The only potentially valid defenses to ERISA collection claims— illegality and fraud in the execution—are unavailable in this Case. ........ 9

       D.   Plaintiffs are legally entitled to a streamlined collection proceeding free from impermissible defenses. ............................................................... 11

       E.   Contract formation defenses and equitable defenses are impermissible. 15

       F.   Many of the so-called defenses on Defendants' lists are not defenses... 17

       G.   Many listed defenses should be stricken for failure to provide "fair notice." ........................................................................................................ 20

       H.   All defenses lacking required particularity should be stricken. ............. 22

       I.   The specific defenses listed by the Defendants are not viable. .............. 23

       J.   Leave to file amended Answers should not be granted.......................... 26

       K.   The demand for a jury trial should also be stricken. ............................. 27

   III. CONCLUSION ........................................................................ 27

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**Cases**

*Acosta v. Dewalt*,
  2017 U.S. Dist. LEXIS 237745 (E.D. Wash. Oct. 11, 2017) ................................................ 21
*Alaska Local 375 Plumbers & Pipefitters Tr. Funds v. Wolf Creek Fed. Servs.*,
  No. 2:22-cv-00141-TL, 2023 U.S. Dist. LEXIS 28655 (W.D. Wash. Feb. 21, 2023) .......... 17
*Anderson v. Creighton*,
  483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) .................................................... 12
*Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*,
  118 F.3d 1018 (4th Cir. 1997) ........................................................................................... 12
*Bd. of Trs. of the Cal. Ironworkers Field Pension Tr. v. Kirk Negrete, Inc.*,
  2018 U.S. Dist. LEXIS 115409 (C.D. Cal. Mar. 22, 2018).......................................... 8, 11
*Bd. of Trs. of the Painters & Floorcoverers Jt. Comm. v. Olympus & Assocs.*,
  No. 2:19-cv-00252-JAD-VCF, 2021 U.S. Dist. LEXIS 25416 (D. Nev. Feb. 10, 2021)....... 24
*Benson v. Brower's Moving & Storage, Inc.*,
  907 F.2d 310 (2d Cir. 1990) ................................................................................................ 8
*Benson v. Brower's Moving & Storage, Inc.*,
  726 F.Supp. 31 (E.D.N.Y. 1989) ........................................................................................ 15
*Boilermaker-Blacksmith Nat'l Pension Tr. v. Elite Mech. & Welding*,
  2020 U.S. Dist. LEXIS 95374 (W.D. Mo. June 1, 2020)............................................... 13, 14
*Brodetsky v. Sync Brokerage, Inc.*,
  2020 U.S. Dist. LEXIS 241328 (C.D. Cal. Dec. 22, 2020)................................................. 19
*Carpenters Health & Welfare Trust Fund v. Bla-Delco Constr., Inc.*,
  8 F.3d 1365 (9th Cir. 1993) ............................................................................................... 17
*Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*,
  870 F.2d 1148 (7th Cir. 1989) ............................................................................................ 15
*Cent. States, Se. & Sw. Areas Pension Fund v. Schilli Corp.*,
  420 F.3d 663 (7th Cir. 2005) ......................................................................................... 8, 25
*Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.*,
  472 U.S. 559, 105 S. Ct. 2833, 86 L. Ed. 2d 447 (1985) ................................................... 24
*Chao v. Merino*, 452 F.3d 174 (2d Cir. 2006) ....................................................................... 24
*Chi. Truck Drivers, Helpers and Warehouse Workers (Indep.) Health Maint. Program Fund v.
  Dudack Trucking Co., Inc.*,
  267 F.Supp.2d 884 (N.D. Ill. 2003) .................................................................................... 10
*Contrail Leasing Partners v. Exec. Serv. Corp.*,
  100 Nev. 545, 688 P.2d 765 (Nev. 1984) ........................................................................... 15
*Dairy Emples. Union Local No. 17 v. Henry Vander Poel & Son Dairy*,
  2014 U.S. Dist. LEXIS 201282 (C.D. Cal. Sep. 15, 2014) ................................................. 24
*Davis v. Hollywood & Ivar*,
  2021 U.S. Dist. LEXIS 202651 (C.D. Cal. Aug. 30, 2021) ................................................. 7
*Dodson v. Munirs Co.*,
  2013 U.S. Dist. LEXIS 85768 (E.D. Cal. June 17, 2013) ................................................... 18
*Emp. Painters Tr. v. Pac. Nw. Contractors Inc.*,
  2013 U.S. Dist. LEXIS 59618 (W.D. Wash. Apr. 24, 2013) ............................................... 23
*Garcia v. Salvation Army*,
  918 F.3d 997 (9th Cir. 2019) ............................................................................................. 21
*Genix Supply Co. v. Bd. of Trs.*,
  84 Nev. 246, 438 P.2d 816 (1968)...................................................................................... 25
*GEOMC Co. v. Calmare Therapeutics Inc.*,
  918 F.3d 92 (2d Cir. 2019) ................................................................................................ 26
*Glenside W. Corp. v. Exxon Co., U.S.A.*,
  761 F. Supp. 1100 (D.N.J. 1991) ......................................................................................... 6
*Hasan v. Ocwen Loan Servicing, LLC*,
  No. 2:10-cv-00476, 2010 U.S. Dist. LEXIS 69634, 2010 WL 2757971 (D. Nev. July 12,
  2010)................................................................................................................................. 22

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

*Imperial Constr. Mgmt. Corp. v. Laborers' Int'l Union, Local 96,*
   818 F. Supp. 1179 (N.D. Ill. 1993) ........................................................ 6

*Khosroabadi v. Mazgani Soc. Servs., Inc.,*
   2017 U.S. Dist. LEXIS 222596 (C.D. Cal. Oct. 4, 2017) ..................................... 17

*Lafayette Corp., Ltd. v. Bank of Boston Int'l South,*
   723 F. Supp. 1461 (S.D. Fla. 1989) ....................................................... 22

*LaGloria Oil & Gas Co. v. Carboline Co.,*
   84 S.W.3d 228 (Tex. App.–Tyler 2001) ..................................................... 18

*MacKillop v. Lowe's Market, Inc.,*
   58 F.3d 1441 (9th Cir. 1995) ........................................ 8, 9, 12, 15, 25, 27

*Martinez v. Alltran Fin. LP,*
   2019 U.S. Dist. LEXIS 68851 (D. Ariz. Apr. 23, 2019) ..................................... 18

*Metcalf v. Golden (In re Adbox, Inc.),*
   488 F.3d 836 (9th Cir. 2007) ............................................................... 9

*MetroPCS v. A2Z Connection, LLC,*
   2019 WL 1244690, 2019 U.S. Dist. LEXIS 43382 (D. Nev. Mar. 18, 2019) ...................... 20

*Nevada Fair Hous. Ctr., Inc. v. Clark County,*
   565 F. Supp. 2d 1178 (D. Nev. 2008) .................................................... 7, 10

*Nw. Adm'rs, Inc. v. Columbia Ford Hyundai, Inc.,*
   2020 U.S. Dist. LEXIS 83624 (W.D. Wash. May 12, 2020) ..................................... 24

*Nw. Adm'rs, Inc. v. Crown Disposal Co.,*
   2017 U.S. Dist. LEXIS 147717 (C.D. Cal. Sep. 11, 2017) .................................... 24

*Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.,*
   783 F.3d 1045 (6th Cir. 2015) ...................................... 6, 11, 13, 14

*Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc.,*
   795 F.2d 1501 (9th Cir. 1986) ............................................................ 10

*Operating Eng'rs Pension Trust v. Gilliam,*
   737 F.2d 1501 (9th Cir. 1984) ............................................................ 11

*Operating Engineers' Pension Tr. Fund v. Clark's Welding & Mach.,*
   688 F. Supp. 2d 902 (N.D. Cal. 2010) .................................................... 24

*Operative Plasterers' & Cement Masons' Local #18 v. J.P. Phillips, Inc.,*
   573 F. Supp. 2d 1059 (C.D. Ill. 2008) ................................................... 16

*Paper Express, Ltd. v. Pfankuch Maschinen,*
   972 F.2d 753 (7th Cir. 1992) ............................................................. 11

*Pardini v. S. Nev. Culinary & Bartenters Pension Plan & Tr.,*
   733 F. Supp. 1402 (D. Nev. 1990) ....................................................... 27

*Qarbon.com Inc. v. eHelp Corp.,*
   315 F.Supp.2d 1046 (N.D. Cal. 2004) .................................................... 21

*Robinson v. Johnson,*
   313 F.3d 128 (3d Cir. 2002) ............................................................... 6

*Snow Covered Capital, LLC v. Weidner,*
   2019 U.S. Dist. LEXIS 213637; 2019 WL 6719526 (D. Nev. Nov. 22, 2019) ............... 10, 20

*So. Cal. Retail Clerks Union v. Bjorklund,*
   728 F.2d 1262 (9th Cir. 1984) ......................................................... 8, 23

*Southwest Adm'rs, Inc. v. Rozay's Transfer,*
   791 F.2d 769 (9th Cir. 1986) ............................................................. 10

*Teamsters & Emp'rs Welfare Tr. v. Gorman Bros. Ready Mix,*
   139 F. Supp. 2d 976 (C.D. Ill. 2001) .................................................... 23

*Teutscher v. Woodson,*
   835 F.3d 936 (9th Cir. 2016) ............................................................. 21

*Thomas v. Or. Fruit Prods. Co.,*
   228 F.3d 991 (9th Cir. 2000) ............................................................. 27

*Tobler & Oliver Constr. Co. v. Bd. of Trs.,*
   84 Nev. 438, 442 P.2d 904 (1968) ...................................................... 26

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

*Trs. of Cement Masons & Plasterers Health & Welfare Trust v. Fabel Concrete, Inc.*,
    159 F.Supp.2d 1249 (D. Nev. 2001) ......................................................... 25
*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. B. Witt Concrete Cutting, Inc.*,
    685 F. Supp. 2d 1158 (D. Nev. 2010) ....................................................... 25
*Trs. of the Auto. Mechs. Local No. 701 Union & Indus. Pension Fund v. Krumpholz*,
    2012 U.S. Dist. LEXIS 51945 (N.D. Ill. Apr. 13, 2012) ........................... 19, 20, 23
*Trs. of the Chi. Painters & Decorators Pension, Health & Welfare v. N. Ave. Constr. Co.*,
    2002 U.S. Dist. LEXIS 710 (N.D. Ill. Jan. 16, 2002) ............................... 23
*Trs. of the Constr. Indus. v. Summit Landscape Cos.*,
    309 F. Supp. 2d 1228 (D. Nev. 2004) .................................................... 25, 26
*Trs. of the Eighth Dist. Elec. Pension Fund v. Gietzen Elec., Inc.*,
    898 F. Supp. 2d 1193 (D. Idaho 2012) .................................................... 9, 27
*Trs. of the N. Nev. Operating Eng'rs Health & Welfare Tr. Fund v. JDC Excavating, Inc.*,
    No. 3:08-CV-00675-BES-VPC, 2009 U.S. Dist. LEXIS 143670 (D. Nev. July 31, 2009) ... 16
*Trs. of the Plumbers & Pipefitters Union Local 525 Health & Welfare Trust Plan v. Dev'rs Sur.
    & Indem. Co.*,
    120 Nev. 56, 84 P.3d 59 (2004) ............................................................ 25
*Vanguard Dealer Servs., LLC v. Cervantes*,
    No. 2:21-cv-01121-JAD-EJY, 2023 U.S. Dist. LEXIS 98129 (D. Nev. June 6, 2023) ......... 21
*Vogel v. OM ABS, Inc.*,
    2014 U.S. Dist. LEXIS 11821, 2014 WL 340662 (C.D. Cal. Jan. 30, 2014) .................. 18, 27
*Waggoner v. Dallaire*,
    649 F.2d 1362 (9th Cir. 1981) .............................................................. 16, 27
*Waste Mgmt. Holdings v. Gilmore*,
    252 F.3d 316 (4th Cir. 2001) ............................................................... 7, 12
*Wilson v. Riley Contracting, Inc.*,
    2021 U.S. Dist. LEXIS 58898 (S.D. Ohio Mar. 29, 2021) .................................. 14
*Wyshak v. City Nat. Bank*,
    607 F.2d 824 (9th Cir. 1979) ............................................................... 20

**Statutes**

28 U.S.C. § 2071(a) ............................................................................ 12
28 U.S.C. § 2072(b) ............................................................................ 12
29 U.S.C. § 1000, *et seq.* .................................................................... 1
29 U.S.C. § 1104(a)(1)(A) ..................................................................... 24
29 U.S.C. § 1132(g)(2) ........................................................................ 24
29 U.S.C. § 1145 ......................................................................... 1, 8, 15
NRS 624.273(1)(d) ............................................................................. 25

**Other Authorities**

*Abolish*, BALLENTINE'S LAW DICTIONARY (3rd ed. 1969) ..................................... 13

**Rules**

Fed. R. Civ. P. 1 .............................................................................. 7
Fed. R. Civ. P. 11(b)(4) ...................................................................... 11
Fed. R. Civ. P. 12(f) ................................................................ 6, 11, 13, 26, 28
Fed. R. Civ. P. 8(c) .......................................................................... 9
Fed. R. Civ. P. 9(b) .................................................................. 10, 11, 22
Fed. R. Civ. P. 9(c) .......................................................................... 22

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

Plaintiffs are Taft-Hartley multiemployer employee benefit trusts governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1000, *et seq.* ("ERISA"). The six Defendants are Olympus Construction LV, Inc. ("OCLV"), Hospitality Renovation Services, LLC ("HRS"), those companies' owners, Philip Friedberg ("Friedberg") and Marie Bower ("Bower"), and the companies' sureties, Western National Mutual Insurance Company ("Western National") and Great American Insurance Company ("Great American"). The Trusts allege that OCLV and HRS are bound by one or more collective bargaining agreements ("Labor Agreement") with International Union of Painters and Allied Trades District Council 16 (formerly District Council 15) (the "Union"), which incorporate promises to pay fringe benefit contributions to the Trusts for each hour of work covered by the Labor Agreement.

The Complaint [ECF No. 1] alleges that OCLV and HRS are jointly liable as alter egos for each other's debts to the Trusts and asserts five claims, all of which hinge on whether the employer defendants (OCLV and HRS) were "obligated to make contributions to a multiemployer plan…under the terms of a collectively bargained agreement" as described in 29 U.S.C. § 1145. The causes of action are: 1) Breach of Contract (against OCLV and HRS); 2) Violation of ERISA – 29 U.S.C. § 1145 (against OCLV and HRS); 3) Breach of written trust agreements / corporate officer liability (against Friedberg and Bower); 4) Demand for relief on licensing bonds under NRS 624.273 (against Western National); and 5) Demand for relief on benefit bond (against Great American). The evidence supporting Plaintiffs' claims includes payroll information and fringe benefit contribution histories compiled by an auditor.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

OCLV and HRS admittedly signed the Labor Agreement. But both now contend it is not enforceable, based on a bare allegation that HRS's signature was secured through "fraud."[2] *See* OCLV/Friedberg Answer [ECF No. 11] at 8:1-4; HRS/Bower Answer [ECF No. 13] at 8:1-4. The Defendants seemingly fail to understand that the Trusts are third-party beneficiaries of, but are not parties to, the Labor Agreement. Both assert the Trusts' right to pursue payment was lost through actions or inaction for which the Union was allegedly responsible. *See, e.g.*, ECF 11 at ¶ 27 (Trusts' ability to assert alter ego claims limited by "Union's disclaimer").

Four Answers have been filed in this Case by the six Defendants. Western National lists thirty-six defenses in its Answer [ECF No. 15]. OCLV and Friedberg list twenty-four defenses in their joint Answer [ECF No. 11], as do HRS and Bower in theirs [ECF No. 13]. The same counsel filed these three Answers. The lists of defenses asserted in these three Answers are summarized below, with differences noted in **bold**.

|   | Western National Answer | HRS / Bower Answer | OCLV / Friedberg Answer |
|---|---|---|---|
| 1 | Failure to state a claim on which relief can be granted | Same | Same |
| 2 | Estoppel | Same | Same |
| 3 | Laches | Same | Same |
| 4 | Plaintiffs lack standing | **HRS's signature on the So. Nev. Painting, Wallcovering & Drywall Finishing Master Agreement was secured through fraud** | **HRS's signature on the So. Nev. Painting, Wallcovering & Drywall Finishing Master Agreement was secured through fraud** |
| 5 | Accord & satisfaction, release and waiver | Same | Same |
| 6 | Unclean hands | Same | Same |
| 7 | Plaintiffs' claims are barred by their own intentional acts and/or omissions | Same | Same |
| 8 | Defendant complied with applicable agreements | Same | Same |
| 9 | Plaintiffs' audit demand exceeds the scope of its auditing authority | Same | Same |

---

[2] Plaintiffs can conceive of no reason why *OCLV* would be able to assert a defense based on the allegation that *HRS's* signature was obtained through fraud. The fact that OCLV asserts a defense based on events involving only HRS is evidence that they are, in fact, alter egos.

| | | | |
|---|---|---|---|
| 10 | Plaintiffs are not entitled to recover costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g) | Same | Same |
| 11 | Plaintiffs' Complaint has been brought without reasonable ground and/or to extort, harass, or oppress Defendant | Same | Same |
| 12 | Damages claimed by Plaintiffs resulted from acts or omissions of persons other than Defendant or its agents | Same | Same |
| 13 | Defendant was not the proximate cause of any damages sustained by Plaintiffs | Same | Same |
| 14 | No agreement provides for contributions by Defendant as assessed by Plaintiff | Same | Same |
| 15 | No claim may be made against the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s) | **Defendants operated as separate and distinct entities** | **Defendants operated as separate and distinct entities** |
| 16 | No claim may be made against the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s) | **Defendants did not have union animus** | **Defendants did not have union animus** |
| 17 | Plaintiffs' Complaint is barred in whole or in part by the statute of frauds. | Same | Same |
| 18 | The NLRB possesses and the Court lacks jurisdiction to hear claims regarding jurisdictional disputes between unions over covered work | Same | Same |
| 19 | Lack of consideration | Same | Same |
| 20 | Defendant is entitled to assert all the affirmative defenses and claims of OCLV and HRS | **Plaintiffs' Complaint is barred by the wholesale misclassification of employees by the auditor during the audit** | **Plaintiffs' Complaint is barred by the wholesale misclassification of employees by the auditor during the audit** |
| 21 | Defendant is not an employer required to make contributions by not being a signatory to certain agreements or documents | Same | **Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages (same as Western National Defense No. 34)** |
| 22 | OCLV and HRS were excused from performing any contractual obligations owed to the Plaintiffs | Same | **Plaintiffs' Complaint is barred because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred (same as Western National Defense No. 35)** |
| 23 | OCLV and HRS fulfilled their duties under Nevada and federal law and performed all duties owed to Plaintiffs | Same | Same |

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

| | | | |
|---|---|---|---|
| 24 | Defendant has fully performed any and all of its obligations as set forth in the bond(s) | Same | Same |
| 25 | N/A (this number was skipped in WNMI's Answer) | N/A | N/A |
| 26 | Plaintiffs breached their own contractual obligations to OCLV and/or HRS, and, as a result, Defendant is released or discharged from its obligations, if any, to Plaintiffs | N/A | N/A |
| 27 | Plaintiffs' Complaint is barred in whole or in part because Plaintiffs are not the beneficiaries under the bond(s) at issue | N/A | N/A |
| 28 | Failure to mitigate damages | N/A | N/A |
| 29 | Plaintiffs failed to give timely notice of any breach of contract | N/A | N/A |
| 30 | Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent required before bringing an action against Defendant | N/A | N/A |
| 31 | Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations | N/A | N/A |
| 32 | Plaintiffs' Complaint is barred in whole or in part because under the doctrines of mutual mistake, impossibility and/or impracticability | N/A | N/A |
| 33 | Plaintiffs' claims are subject to offset. | N/A | N/A |
| 34 | Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages | N/A | N/A |
| 35 | Plaintiffs' Complaint is barred in whole or in part because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred. | N/A | N/A |
| 36 | Defendant reserves its right to amend its Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of Plaintiffs' claims and the facts relating to them are revealed to Defendant. | N/A | N/A |

The Answer filed by Great American lists thirty-one defenses:

| **Great American Answer** |
|---|

| 1 | Failure to state a claim on which relief can be granted |
|---|---|
| 2 | Plaintiffs lacks standing to assert a bond claim |
| 3 | Great American's liability for payment to the bond(s) is limited and specifically confined to the penal sum of the bond(s), Nevada case precedent, and prior bond claim payments, if any |
| 4 | No claim may be made on the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s) |
| 5 | No claim may be made on the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s). |
| 6 | In the event the Plaintiffs are persons or entities entitled to recover pursuant to the surety bond(s), Plaintiff's right to recover on the bond(s) is limited to the penal sum and pro rata distribution and order of priority of payments |
| 7 | Great American is entitled to assert all the affirmative defenses and claims of the principal |
| 8 | The principal was excused from performing on the alleged contract based on anticipatory breach of the Plaintiffs |
| 9 | If the principal failed to perform any contractual obligations owed to the Plaintiffs, there existed a valid excuse for such performance |
| 10 | The principal fulfilled its duties under Nevada law and performed, satisfied and discharged all duties and obligations it may have owed the Plaintiff arising out of any and all agreements, representations, or contracts, unless and until prevented from further doing so, and thereby extinguished and fully discharged all such duties and obligations, if any |
| 11 | Plaintiffs' Complaint is moot as Great American has fully performed any and all of its obligations as set forth in the Bond |
| 12 | Plaintiffs' claims are barred because Plaintiffs breached their own contractual obligations to Principal, and, as a result, Great American is released or discharged from its obligations, if any, to Plaintiffs |
| 13 | Plaintiffs have no privity of contract or other relationship such that Plaintiffs are entitled to assert a claim upon the bond |
| 14 | If Plaintiffs suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was proximately caused and contributed to by Plaintiffs' failure to conduct itself in a manner ordinarily expected of a reasonably prudent person conducting his/her affairs |
| 15 | Plaintiffs' claims fail as a matter of law as Plaintiffs are not the beneficiaries under the surety bond(s) at issue |
| 16 | Plaintiffs' claims fail as a matter of law as Plaintiffs have failed to mitigate their damages, if any |
| 17 | Plaintiffs failed to give notice of any breach of contract, if any, within a reasonable time after Plaintiffs knew, or should have known, of said alleged breach of contract, said alleged breach not being herein admitted but expressly denied |
| 18 | Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent to bringing any action against Great American |
| 19 | Plaintiffs have failed to join indispensable parties |
| 20 | Plaintiffs' claims are barred by Plaintiffs' own interference, the interference of third-parties and/or "acts of God" |
| 21 | Plaintiffs' claims are precluded by the applicable statute of limitations |
| 22 | Plaintiffs' claims are precluded by the doctrine of laches |
| 23 | Plaintiffs' claims fail as a matter of law under the doctrines of accord and satisfaction, equitable estoppel, waiver and release |
| 24 | Plaintiffs' claims fail as a matter of law under the doctrine of election of remedies |
| 25 | Plaintiffs' claims fail as a matter of law under the doctrines of mutual mistake, impossibility and/or impracticability |
| 26 | Plaintiffs' claims are barred by the doctrine of unclean hands |
| 27 | Plaintiffs' claims are subject to offset |
| 28 | Plaintiffs have failed to satisfy the burden of proof as to damages |
| 29 | The attorney's fees and costs claimed by the Plaintiff were unreasonably incurred |
| 30 | Great American denies each and every allegation not specifically admitted in its Answer to Plaintiffs' Complaint |
| 31 | Great American reserves the right to amend its Answer to allege additional affirmative defenses if warranted during the course of discovery or further investigation. |

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

## II.

## ARGUMENT

**A.  General standard for motions to strike defenses.**

Fed. R. Civ. P. 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Rule 12(f) motions "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983))).

"Motions to strike…mak[e] it unnecessary to litigate defenses which will not affect the outcome of the case; [such motions] will therefore be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Glenside W. Corp. v. Exxon Co., U.S.A.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991). "The general rule that motions to strike are disfavored...does not apply where granting the motion would remove unnecessary clutter from the case." *Imperial Constr. Mgmt. Corp. v. Laborers' Int'l Union, Local 96*, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993) (internal quotation marks omitted).

Fed. R. Civ. P. 12(f) directs litigants to bring improper defenses to the attention of the court *early* in the litigation process (within 21 days after an answer is filed) so that issues may be narrowed and expenses minimized through *early* orders that make it "unnecessary to litigate defenses which will not affect the outcome of the case." *Glenside*, 761 F. Supp. at 1115. Requiring affirmative defenses to be raised as early as practicable helps avoid prejudice and promotes judicial economy. When a successful affirmative defense is raised early, courts may promptly terminate the proceeding without wasting precious judicial resources. *Robinson v. Johnson*, 313 F.3d 128, 137 (3d Cir. 2002). The same goals of avoiding prejudice and

promoting judicial economy are furthered when insufficient defenses are stricken, and this may occur in the absence of a motion. Thus, the fact that motions to strike defenses are filed during the earliest stages of litigation is not a proper basis on which the deny them. *See Davis v. Hollywood & Ivar*, 2021 U.S. Dist. LEXIS 202651, at \*7-8 (C.D. Cal. Aug. 30, 2021) (it is preferable to strike defenses "at a relatively early stage in the litigation" because "sorting out defendant's affirmative defenses…will streamline the litigation").

Rather than seeking the early relief authorized by Rule 12(f), some litigants instead opt to challenge improper defenses in motions for summary judgment. But this does not change the fact that allowing legally insufficient defenses to survive beyond the pleading stage results in "unnecessary clutter," which far too often costs litigants time and money. *See* Declaration of Daryl Martin (explaining additional discovery and procedures necessary to sort out affirmative defenses before summary judgment or trial disposition).

"A defense that would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Nevada Fair Hous. Ctr., Inc. v. Clark County*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)); *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (same). Thus, if the Court agrees that any of the defenses asserted in this Case are "insufficient," then the Plaintiffs are entitled to the Court's prompt ruling to that effect. A ruling allowing insufficient defenses to survive beyond the pleading stage would effectively force the Plaintiffs (and the Defendants and the Court) to waste time, effort, and resources litigating the (in)validity of the defenses. Striking insufficient defenses is consistent with Fed. R. Civ. P. 1, which directs courts to "employ" the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

**CHRISTENSEN JAMES & MARTIN, CHTD.**
7440 WEST SAHARA AVE, LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**B. Congress abolished nearly all defenses in ERISA collection cases.**

Congress enacted 29 U.S.C. § 1145[3] (aka "MPPAA" or ERISA section 515)

> …because 'simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions.'" *S. Cal. Retail Clerks Union & Food Employers Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1265 (9th Cir. 1984); *see also Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 87, 102 S. Ct. 851, 70 L. Ed. 2d 833 (1982). The Ninth Circuit has made clear that "traditional contract law does not apply in full force in suits brought under the LMRA and ERISA to collect delinquent trust fund contributions." *Bjorklund*, 728 F.2d at 1265; *see also Mackillop v. Lowe's Market*, 58 F.3d 1441 (9th Cir. 1995); *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018 (4th Cir. 1997) ("Section 515 strengthens the position of multiemployer plans by holding employers and unions to the literal terms of their written commitments.").

*Bd. of Trs. of the Cal. Ironworkers Field Pension Tr. v. Kirk Negrete, Inc.*, 2018 U.S. Dist. LEXIS 115409, at *13 (C.D. Cal. Mar. 22, 2018). 29 U.S.C. § 1145 gives benefit plans the substantive right to receive payments. *See Cent. States, Se. & Sw. Areas Pension Fund v. Schilli Corp.*, 420 F.3d 663, 670 (7th Cir. 2005)) ("…§ 1145 gives a multi-employer plan *greater rights* under these documents than the union itself, entitling a plan to enforce the writing without regard to understandings or defenses applicable to the original parties") (emphasis added); *MacKillop v. Lowe's Market, Inc.*, 58 F.3d 1441, 1443-44 (9th Cir. 1995) ("Congress placed employee benefit plans in a position superior to the original promisee…"). The MPPAA has been "unanimously regarded" by "[t]he courts of appeals that have construed [it] as a limitation on the defenses available to an employer when sued by an employee benefit plan." *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. 1990). This includes the Ninth Circuit. *So. Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1265 (9th Cir. 1984) ("range of defenses...is severely limited").

---

[3] 29 U.S.C. § 1145 states, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**C. The only potentially valid defenses to ERISA collection claims—illegality and fraud in the execution—are unavailable in this Case.**

In *Bjorklund*, 728 at 1265, the Ninth Circuit rejected the defense of fraud in the inducement and held that a defense to a Trust Fund collection action "is properly allowable when it relates to a promise to make contributions that is illegal." Later courts applying this standard have found that for a defense to be viable in the context of an ERISA Trust Fund collection action, the defense must, of necessity, prove that the labor agreement was void *ab initio* (i.e., a contract that could not lawfully come into existence). *See Trs. of the Eighth Dist. Elec. Pension Fund v. Gietzen Elec., Inc.*, 898 F. Supp. 2d 1193 (D. Idaho 2012) (granting summary judgment for benefit plan in reliance on *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986), because all asserted defenses focused on irrelevant union conduct, and none demonstrated "illegality of the contributions"). The *Gietzen Elec.* court explained, "In the Ninth Circuit, only those defenses demonstrating illegality of the contributions or striking at the heart of the underlying collective bargaining agreement as void *ab initio* (as opposed to, merely, voidable), are available when contesting delinquency actions such as this." *Id*. at 1200.

None of the Answers on file in this Case raise the defense of illegality. Nor could they, because the agreements on which the Plaintiffs' claims are based are lawful. Fed. R. Civ. P. 8(c) states that when "responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Accordingly, affirmative defenses are generally waived if not raised in a party's initial pleading. *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 841 (9th Cir. 2007). Here, the defense of illegality was waived because it was not asserted.

In a case like this one, the only other defense permitted in the Ninth Circuit is fraud in the execution. *MacKillop*, 58 F.3d at 1443. The Answers of OCLV / Friedberg and HRS / Bower list the defense of fraud in the execution, stating that the "Complaint is barred…due to fraud utilized to secure execution of" the painting CBA by HRS. But despite being listed, the defense is invalid for at least two reasons. First, it was merely listed—it is not supported by

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

adequate factual allegations. *See* Fed. R. Civ. P. 9(b), "a party alleging an affirmative defense that sounds in fraud or mistake must allege 'the who, what, when, where, and how of the misconduct charged.'" *See Snow Covered Capital, LLC v. Weidner*, 2019 U.S. Dist. LEXIS 213637 at \*9; 2019 WL 6719526 (D. Nev. Nov. 22, 2019) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations and internal quotation marks omitted).

Second, the few fact allegations found in HRS's Answer demonstrate that the fraud in the execution defense does not apply. *See Nevada Fair Hous. Ctr.*, 565 F. Supp. 2d at 1187 (defenses that are not valid under the facts alleged "can and should be deleted."). To establish a fraud in the execution defense, Defendants would have to prove that (1) HRS "did not know that it was signing a collective bargaining agreement that obligated it to make...contributions" and that (2) "its ignorance was excusable because it had reasonably relied upon the representations of the Union's representative." *See Chi. Truck Drivers, Helpers and Warehouse Workers (Indep.) Health Maint. Program Fund v. Dudack Trucking Co., Inc.*, 267 F.Supp.2d 884, 889-91 (N.D. Ill. 2003) (citing *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 780 (7th Cir. 2002); *see also Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774 (9th Cir. 1986) (defense arises only when one signs an agreement 'with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms.'").

There are no facts showing HRS lacked a reasonable opportunity to understand the terms of the CBA it signed. Rather, HRS's Answer shows just the opposite. *See* ECF No. 13 at ¶¶ 20-22, which describe a settlement process involving parties who were *represented by counsel*, through which HRS "eventually" executed a settlement agreement and also "agreed to be bound by…the…Painters & Decorators Master Labor Agreement." Because HRS had the opportunity to review and understand the Labor Agreement, and seemingly received legal advice regarding the same, and for other key reasons,[4] HRS cannot truthfully plead with

---

[4] Parties to collective bargaining agreements are conclusively presumed to have equal bargaining strength. *Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986). A party who signs a contract is bound by its terms regardless of

particularity the defenses of fraud in the execution or estoppel (*see* Fed. R. Civ. P. 9(b)), nor can HRS deny that it had a reasonable opportunity. Fed. R. Civ. P. 11(b)(4) ("denials of factual contentions" must be "warranted on the evidence").

None of the Defendants asserted illegality as a defense, HRS has admitted facts proving that that fraud in the execution is not a viable defense, and all other defenses listed by the Defendants are legally insufficient according to binding Ninth Circuit precedent. Therefore, all listed defenses should therefore be stricken to allow the Parties to focus exclusively on those aspects of the Case that have potential merit. Stated differently, the defenses listed in the Answers should be stricken as "immaterial" under Fed. R. Civ. P. 12(f) because they are incapable of limiting the Defendants' liability.

### D. Plaintiffs are legally entitled to a streamlined collection proceeding free from impermissible defenses.

Allowing insufficient defenses to stand would frustrate Congress' intent in providing substantive protections to multiemployer ERISA plans like the Plaintiffs, whose claims are to be treated as "simple collection actions" that proceed free from "defenses unrelated to the employer's promise and the plans' entitlement to the contributions." *Negrete, Inc.*, 2018 U.S. Dist. LEXIS 115409; *see also G&W Constr. Co.*, 783 F.3d at 1053 (MPPAA "protects and streamlines the procedure for collecting delinquent contributions").

The Court must therefore analyze the issues raised in this Motion through the lens of the substantive law enacted by the MPPAA, under which ERISA benefit plans are not required to litigate the validity of defenses that fall outside the "severely limited" range recognized by the Ninth Circuit. Given the clear state of the law, the Plaintiffs respectfully submit that they will suffer prejudice if the Court decides not to dismiss those defenses shown herein to be legally

---

whether he reads it or considers the legal consequences of signing it. *Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1504 (9th Cir. 1984); *Cecil Backhoe*, 795 F.2d at 1505. Furthermore, one who signs a contract is presumed to know its terms and consents to be bound by them, even if blind or illiterate. *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir. 1992).

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

insufficient. Plaintiffs are naturally concerned that the Defendants would regard denial of this Motion as an invitation to spend time and money in an effort to prove the insufficient defenses they have listed, only to learn later (likely at summary judgment) that Plaintiffs' were correct to point out that the defenses are legally insufficient. *See* Declaration of Daryl Martin. Stated differently, failing to strike defenses that are plainly insufficient would confuse the issues. *See Gilmore*, 252 F.3d at 347 ("a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.").

If the Court is persuaded (as it should be) that none of the defenses asserted in this Case is viable, then the Court should not hesitate to so rule. *Cf. Anderson v. Creighton*, 483 U.S. 635, 646, n. 6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) ("immunity questions should be resolved at the earliest possible stage of litigation"). By granting this Motion, either in whole or part, the Court will take a sensible step toward holding the Defendants "to the literal terms of their written commitments." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

To the extent that the court rules, including the Federal Rules of Civil Procedure, may counsel against striking defenses in this circumstance (or may counsel in favor of postponing a decision until after discovery has been conducted), such rules must yield to the substantive rights recognized by the MPPAA because the Rules Enabling Act states that court rules "shall be consistent with the Acts of Congress" (*see* 28 U.S.C. § 2071(a)) and they "shall not abridge…or modify any substantive right." 28 U.S.C. § 2072(b). To permit court rules to "abridge" the substantive right to receive payment afforded to the Trusts Funds by the MPPAA would be inconsistent with these statutory requirements.

While it may seem harsh, the law plainly favors the striking of defenses in the specific circumstance faced at this moment by the Plaintiff Trust Funds. It would make no sense to force the Plaintiffs to litigate the validity of defenses that "***Congress intended to abolish***" when it enacted section 515 of ERISA. *See MacKillop*, 58 F.3d at 1443 (emphasis added). Dictionary.com confirms that "abolish" means "to do away with; put an end to; annul; make

void." *See also Abolish*, BALLENTINE'S LAW DICTIONARY (3rd ed. 1969) ("To repeal; to recall; to revoke; to cancel and eliminate entirely."). Congress enacted the MPPAA to "streamline[] the procedure for collecting delinquent contributions." *G&W Constr. Co.*, 783 F.3d at 1053. It therefore follows that Congress' intent was to "annul" defenses by making them "void." In "eliminat[ing] them entirely," Congress did not intend to invite courts to permit 'abolished' defenses to survive through the summary judgment stage of litigation. To truly streamline the ERISA collection procedure and accomplish Congress' goals in enacting the MPPAA, the defenses that it abolished should be 'annulled, entirely eliminated, or made void' early in a given case, consistent with the timing requirements of Rule 12(f).

The rule under the MPPAA is to strike defenses. Allowing defenses to survive is the exception. *Boilermaker-Blacksmith Nat'l Pension Tr. v. Elite Mech. & Welding*, 2020 U.S. Dist. LEXIS 95374, at *11-13 (W.D. Mo. June 1, 2020) is a good example showing how district courts appropriately strike defenses that are impermissible in ERISA collection cases. This protects benefits plans from unnecessary litigation efforts and expense, while still allowing employers the opportunity to show why the use of a given defense might be justified.

> Defendant raises sixteen affirmative defenses in its answer: accord and satisfaction, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, unclean hands, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Plaintiffs move to strike all of the asserted affirmative defenses, arguing some are barred by law and others are insufficiently pled. Defendant asks the Court to hold the motion to strike in abeyance until discovery has progressed and allow Defendant to amend its affirmative defenses on its own volition upon review of Plaintiffs' discovery responses.
>
> In general, "the courts recognize only two defenses to a[n ERISA] collection action: that the pension contributions are themselves illegal or that the collective bargaining agreement is void." *Indep. Fruit*, 919 F.2d at 1349. Further, the defenses of failure of consideration, estoppel, waiver, statute of frauds, and duress are precluded against a plan in ERISA delinquent contributions actions. *MWE Servs.*, 2006 U.S. Dist. LEXIS 114850, 2006 WL 8438364, at *2. The statute of limitations and laches defenses are also barred because Plaintiffs seek contributions for work performed well within Missouri's 10-year statute of limitations. *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, No. 4:15-CV-804 CAS, 2016 U.S. Dist. LEXIS 44484, 2016 WL 1275605, [*13] at *3 (E.D. Mo. Mar. 31, 2016)…

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

-13-

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

Defendant cites no law in its briefing indicating the remaining asserted defenses apply against a plan in an ERISA delinquent contributions action. Further, Defendant pleads no facts in support of such defenses in its answer. *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharmacy, Inc.*, No. 4:15-CV-687-SRB, 2016 U.S. Dist. LEXIS 184169, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016) ("[S]pecific facts are unnecessary[,] but [Defendant's] affirmative defenses must provide fair notice of what [each] defense is and the ground upon which it rests.") (internal citation and quotation marks omitted); *Twombly*, 550 U.S. at 555. Accordingly, all of Defendant's asserted affirmative defenses are stricken as insufficient. Defendant may file a motion for leave to amend its answer to assert applicable affirmative defenses at a later time if warranted.

*Boilermaker-Blacksmith Nat'l Pension Tr.*, 2020 U.S. Dist. LEXIS 95374 at *11-13.

*Wilson v. Riley Contracting, Inc.*, 2021 U.S. Dist. LEXIS 58898 (S.D. Ohio Mar. 29, 2021) is a similar example:

…the Sixth Circuit has held repeatedly that contractual and other state-law defenses are preempted in ERISA collections cases. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 88 n.12, 102 S. Ct. 851, 70 L. Ed. 2d 833 (1982)…[the] defenses of failure to meet a condition precedent and accord satisfaction are unavailable and are stricken. So too for Defendant's defenses of waiver and estoppel. These defenses are unavailable as a matter of law. *Mich. Elec. Employees' Pension Fund v. Encompass Elec. & Data Inc.*, 556 F. Supp. 2d 746, 751 (W.D. Mich. 2008)…Because waiver and estoppel are not permitted defenses in ERISA contributions cases, they cannot be asserted here and are hereby stricken.

*Id*. at *9-10.

At least one federal circuit court of appeals has granted an interlocutory appeal and reversed an order denying a motion to strike defenses in an ERISA collection case. *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d at 1053 (§ 515 of ERISA "protects and streamlines the procedure for collecting delinquent contributions" by "unrelated" and "extraneous" defenses (citing *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 88, 102 S. Ct. 851, 70 L. Ed. 2d 833 & n.12 (1982)). In the *G&W Constr.* case, the district court denied a motion to strike, based in part on "factual information" found in a separate motion for summary judgment that had already been denied. The plaintiffs appealed the issue and the Sixth Circuit reversed, holding that in light of the MPPAA and case law limitations on available defenses, the trial court had exceeded the limits of its discretion by denying the motion to strike defenses. *Id*. at 1050-57.

**E.  Contract formation defenses and equitable defenses are impermissible.**

ERISA trust funds have an affirmative obligation to pay benefits to eligible employees, regardless of the levels of contributions received. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1155 n.3 (7th Cir. 1989). Accordingly, federal law has been drafted by Congress and interpreted by the courts in such a way as to maximize a trust fund's ability to collect contributions from employers, while at the same time insulating trust funds from nearly all defenses, including, and perhaps most especially, contract formation and contract avoidance defenses. *Id*. at 1153 ("If the employer simply points to a defect in its formation – such as fraud in the inducement…it must still keep its promise to the pension plans. Anything less may well saddle the plans with unfunded obligations."). In light of these special protections, one court noted that "[m]ultiemployer employee benefit plans are something of the darlings of Congress." *Benson v. Brower's Moving & Storage, Inc.*, 726 F.Supp. 31 (E.D.N.Y. 1989).

Here, the Plaintiff Trust Funds exist to provide benefits to workers in the painting, glazing, and floorcovering industries, including many of the employees of OCLV and HRS. Their affairs are managed by trustees designated as fiduciaries by ERISA. Trust Funds are not parties to the collective bargaining agreements that give rise to employer payment obligations. Rather, as intended beneficiaries, the trust funds are entitled to rely on those written agreements to determine the income they can expect to receive, because benefit plans are "in a position superior to the original promisee." *MacKillop*, 58 F.3d at 1443-44. This means that the Plaintiffs may enforce labor agreements even if union could not. *Gerber Truck Serv., Inc.*, 870 F.2d at 1149 ("The pension or welfare fund is like a holder in due course in commercial law…"). A holder in due course takes an instrument "free from all claims and defenses of any party to the instrument." *Contrail Leasing Partners v. Exec. Serv. Corp.*, 100 Nev. 545, 547, 688 P.2d 765, 766 (Nev. 1984). 29 U.S.C. § 1145 precludes "employers from raising an assortment of affirmative defenses against multiemployer benefit funds, even if those same defenses would defeat a claim by the union." *Operative Plasterers' & Cement Masons' Local*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE, LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

*#18 v. J.P. Phillips, Inc.*, 573 F. Supp. 2d 1059, 1064 (C.D. Ill. 2008). "As a matter of federal law, a union and its representatives are not agents of a trust fund created by a collective bargaining agreement…Trust authorities… have long been held to constitute a distinct and independent entity separate from the union …." *Waggoner v. Dallaire*, 649 F.2d 1362, 1364 (9th Cir. 1981).

A Second Circuit case noted that Section 515 of ERISA was "essential to the viability of employee benefit plans" and rejected the same defenses asserted in this Case.

> …Of course, the benefit plan must prove that the employer promised to contribute to the plan in order to succeed on its claim. In this case, the Funds satisfied this requirement by producing collective bargaining agreements that [Brower's] admittedly signed...Brower's thus raises the same cry as countless other employers across the country: "Why must I contribute to a benefit plan when no 'real' collective bargaining agreement exists?" *The short answer, and the one we find dispositive, is that Congress intended to insulate benefit plans from exactly these defenses in adding section 515 to ERISA.*

*Benson*, 907 F.2d at 313 (emphasis added).

> "[A] collective bargaining agreement is not a typical third-party beneficiary contract" subject to any traditional contract defense. *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 773. It is the purpose of ERISA § 515, 29 U.S.C. § 1145, "to simplify trust fund collection actions by restricting the availability of contract defenses . . ." *Id*. Therefore, "[s]everal circuits including [the Ninth] . . . have concluded that . . . section 515 mandates that employers are responsible for ERISA plan contributions regardless of defenses challenging the validity of the underlying [collective bargaining agreement]." *MacKillop v. Lowe's Mkt., Inc.*, 58 F.3d 1441, 1443 (9th Cir. 1995).

*Trs. of the N. Nev. Operating Eng'rs Health & Welfare Tr. Fund v. JDC Excavating, Inc.*, No. 3:08-CV-00675-BES-VPC, 2009 U.S. Dist. LEXIS 143670, at *12 (D. Nev. July 31, 2009). The *JDC Excavating* court granted summary judgment to ERISA benefit plans after "they argued that Defendants' affirmative defenses should be dismissed because ERISA § 515 precludes these defenses as a matter of law." *Id*. at *11-13. The court went on to explain that the defenses were "either equitable defenses, or arise out of traditional contract law. It is well-established that these particular defenses are unavailable in suits brought under...ERISA to collect delinquent trust fund contributions." *Id*. at *13 (quoting *Trustees of the Operating Eng'rs Pension Trust v. O'Dell*, 682 F. Supp. 1506, 1516 (D. Nev. Mar. 7, 1988) (citing

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

*Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986); *S. Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262 (9th Cir. 1984); *Audit Servs. v. Rolfson*, 641 F.2d 757 (9th Cir. 1981))).

Plaintiffs' allegation that they are intended third-party beneficiaries under the Labor Agreement is correct as a matter of law. *See Carpenters Health & Welfare Trust Fund v. Bla-Delco Constr., Inc.*, 8 F.3d 1365, 1369 (9th Cir. 1993) ("In an action to collect contributions, the Trust Funds stand in the position of third-party beneficiaries of the [Collective Bargaining Agreement]"). Therefore, in formulating and stating their defenses, the Defendants have no choice but to accept that 1) the Union, and not the Plaintiffs, is the other party to the Labor Agreement, and 2) the Plaintiffs are insulated, as a matter of law, from those defenses that might work against the Union, including such defenses as lack of consideration, estoppel, lack of privity, anticipatory breach, and excused performance. For the same reasons, Defendants are wrong to suggest that this Case should proceed in front of the NLRB because of some sort of "jurisdictional dispute" between unions over covered work.[5] *See Alaska Local 375 Plumbers & Pipefitters Tr. Funds v. Wolf Creek Fed. Servs.*, No. 2:22-cv-00141-TL, 2023 U.S. Dist. LEXIS 28655, at *8 (W.D. Wash. Feb. 21, 2023) (denying employer's motion to dismiss where it alleged that there was a jurisdictional dispute that needed to be resolved through arbitration procedures under the CBA between the employer and union before the trust funds could proceed with their ERISA action in federal court).

**F. Many of the so-called defenses on Defendants' lists are <u>not</u> defenses.**

"A denial of Plaintiff's factual allegations is not an affirmative defense." *Khosroabadi v. Mazgani Soc. Servs., Inc.*, 2017 U.S. Dist. LEXIS 222596, at *7 (C.D. Cal. Oct. 4, 2017). Many of the defenses identified in the charts above are merely denials of factual allegations.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th

---

[5] Defendants have stated no factual basis for the suggestion (which is not a defense) that two or more unions claim that work covered by the Labor Agreement falls within their jurisdiction.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE, LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010). In contrast, an affirmative defense within the meaning of Rule 8(c) is one that precludes liability even if the plaintiff proves all the elements of his claim.

*Martinez v. Alltran Fin. LP*, 2019 U.S. Dist. LEXIS 68851, at *5-6 (D. Ariz. Apr. 23, 2019). "By definition, an affirmative defense...assumes that the allegations in the plaintiff's [complaint] are true." *LaGloria Oil & Gas Co. v. Carboline Co.*, 84 S.W.3d 228, 232 n.3 (Tex. App.–Tyler 2001).

Attempted defenses that are, in reality, denials of factual allegations are sometimes referred to as "negative defenses" which "are properly addressed through denial or an appropriate motion" but are not affirmative defenses. *Dodson v. Munirs Co.*, 2013 U.S. Dist. LEXIS 85768, at *24 (E.D. Cal. June 17, 2013). Allegations that are *labeled* as affirmative defenses but which are not truly affirmative defenses should be stricken as a matter of law. *Vogel v. OM ABS, Inc.*, 2014 U.S. Dist. LEXIS 11821, 2014 WL 340662, at *5-6, 8, 12 (C.D. Cal. Jan. 30, 2014) (striking affirmative defenses of failure to state a claim, lack of standing, and other denials of the elements of the plaintiffs' prima facia case). Orders striking such non-defenses do not harm defendants because their factual denials may still be asserted in a different manner, such as through a specific denial of fact in an Answer, or through a motion to dismiss. *Id.*

One very common factual denial is the purported defense of "failure to state a claim."

"The majority of courts do not permit a failure to state a claim to be asserted as an affirmative defense." *Sims v. Peak Legal Advocates*, 2018 U.S. Dist. LEXIS 196245, 2018 WL 8731538, at *2 (C.D. Cal. Nov. 16, 2018) (collecting cases); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). "If Defendants 'held a good faith belief that plaintiff had failed to state a claim in his complaint, they could have and should have moved to dismiss any such claim pursuant to Rule 12(b)(6).'" *Sims*, 2018 U.S. Dist. LEXIS 196245, 2018 WL 8731538, at *2 (quoting *Hernandez v. Kokor*, 2017 U.S. Dist. LEXIS 147582, 2017 WL 4004165, at *2 (E.D. Cal. Sept. 12, 2017)). The Court agrees with the cases cited above. Accordingly, because failure to state a claim is not an affirmative defense, the Court STRIKES the first affirmative defense with prejudice. *See Sims*, 2018 U.S. Dist. LEXIS 196245, 2018 WL 8731538 at *2.

-18-

*Brodetsky v. Sync Brokerage, Inc.*, 2020 U.S. Dist. LEXIS 241328, at *4-5 (C.D. Cal. Dec. 22, 2020). The "failure to state a claim" defenses asserted in this Case are not affirmative defenses (and even if they were, they often fail to provide "fair notice," as shown below). Such defenses do not assume the truth of Plaintiffs' factual allegations, but instead deny them and/or argue that the Plaintiffs will be unable to supply adequate proof to support their claims. *See, e.g.*, *Trs. of the Auto. Mechs. Local No. 701 Union & Indus. Pension Fund v. Krumpholz*, 2012 U.S. Dist. LEXIS 51945, at *6 (N.D. Ill. Apr. 13, 2012) (striking defenses which disputed whether two entities were "a single employer" because they amounted to a "denial of the allegations…of the complaint" and did not "assume the truth…of the complaint…").

The following defenses listed by the Defendants should also be stricken because they are factual denials and are <u>not</u> defenses:

> Accord and satisfaction, release and waiver; Defendants complied with applicable agreements; Plaintiffs' audit demand exceeds the scope of its auditing authority; Plaintiffs are not entitled to recover costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g); Damages claimed by Plaintiffs resulted from acts or omissions of persons other than the Defendants or their agents; Defendant was not the proximate cause of any damages sustained by Plaintiffs; Lack of union animus; No agreement provides for contributions by Defendant as assessed by Plaintiff; No claim may be made against the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s); No claim may be made against the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s); Plaintiffs' Complaint is barred in whole or in part by the statute of frauds; Lack of consideration; Defendant is not an employer required to make contributions by not being a signatory to certain agreements or documents; OCLV and HRS were excused from performing any contractual obligations; OCLV and HRS fully performed all duties owed to Plaintiffs; the surety Defendants fully performed all obligations as set forth in the bond(s); Plaintiffs breached their own contractual obligations to OCLV and/or HRS and as a result, the Defendants are released or discharged from their obligations; Plaintiffs are not the beneficiaries under the bond(s) at issue; Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent required before bringing an action against Defendant; Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations; Plaintiffs' Complaint is barred in whole or in part because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred; Plaintiffs' Complaint is barred by the wholesale misclassification of employees by the auditor during the audit; Defendants operated as separated distinct entities; Anticipatory breach; Election of remedies; Defendant denies each and every allegation not specifically admitted in its Answer to Plaintiffs' Complaint; Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

The Defendants' claimed reservations of rights to assert additional defenses through amended answers are also not defenses; they are mere statements of the Defendants' intentions. *Krumpholz*, 2012 U.S. Dist. LEXIS 51945, at *10 (a reservation of rights "is not a defense and is, therefore, stricken. If Defendants wish to assert any additional defenses, they may present them on a motion for leave to amend").

### G. Many listed defenses should be stricken for failure to provide "fair notice."

Although there appears to be a split of authority within the Ninth Circuit regarding the factual allegations required to support affirmative defenses, it is clear that at minimum, affirmative defenses must provide "fair notice" to other parties. *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although a "detailed statement of facts" is not always required, "[t]he fair-notice pleading standard generally requires the defendant to *state the nature* and *grounds for the affirmative defense*." *MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, 2019 U.S. Dist. LEXIS 43382, at *10 (D. Nev. Mar. 18, 2019) (emphasis added) (citation and quotation marks omitted). To comply with this standard, most, if not all, affirmative defenses require at least some basic factual support. *See Snow Covered Capital, LLC v. Weidner*, 2:19-cv-00595-JAD-NJK, 2019 WL 6719526, 2019 U.S. Dist. LEXIS 213637 *5-7 (D. Nev. Nov. 22, 2019). In the *Weidner* case, the Magistrate Judge recommended an order granting a motion to strike because the affirmative defenses failed to give fair notice ("[t]hey fail to state any grounds at all and most of them simply state the name of the given affirmative defense."). Here, the attempted statute of limitations defenses (and numerous others) must be stricken for the same reason.

As pleaded, the Defendants' "failure to state a claim" defenses should be stricken for failure to provide adequate notice. As the Ninth Circuit explained:

> But simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense. *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") . . . And independent of Rule 12(b)(6), Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

*Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (emphasis added).

Defendant Great American asserted an election of remedies defense. This doctrine "refers to situations where an individual pursues remedies that are legally or factually inconsistent, [and] operates to prevent a party from obtaining double redress for a single wrong." *Teutscher v. Woodson*, 835 F.3d 936, 955-56 (9th Cir. 2016) (citations and quotation marks omitted). Great American also asserts that Plaintiffs failed to join indispensable parties. Assuming that such defenses were available (which Plaintiffs deny), Great American would at minimum need to briefly state the nature of the inconsistent remedies and explain who the allegedly indispensable parties are. *See Vanguard Dealer Servs., LLC v. Cervantes*, No. 2:21-cv-01121-JAD-EJY, 2023 U.S. Dist. LEXIS 98129, at *14 (D. Nev. June 6, 2023) (granting motion to strike defense that was "too vague," "with leave to amend to specify the alleged indispensable party").

The other defenses listed in the four Answers on file are wholly unsupported by factual allegations, which deprives the Plaintiffs of fair notice. *See Acosta v. Dewalt*, 2017 U.S. Dist. LEXIS 237745, at *4-5 (E.D. Wash. Oct. 11, 2017) (a mere list of defenses amounts to a "vague legal conclusion" which does "not provide fair notice"). A mere reference to a legal doctrine is insufficient to provide fair notice of a defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

To ensure that the Parties and the Court devote their precious time and resources to resolving only those claims and defenses that have some level of potential merit, all defenses should be stricken except those for which a basic, explanatory, factual statement has been provided showing why the Defendants believe that each is applicable. Even under the "more relaxed fair notice standard," as opposed to the stricter "*Iqbal/Twombly* standard for affirmative defenses," a court may still "weed out the boilerplate listing of affirmative defenses." *Davis v. Hollywood & Ivar*, 2021 U.S. Dist. LEXIS 202651, at *13 (C.D. Cal. Aug. 30, 2021) (ruling that at minimum, fair notice requires some pleading of facts). Here, the Defendants chose to file only boilerplate lists of defenses. Because all the Defendants did was list the following legal

**CHRISTENSEN JAMES & MARTIN, CHTD.**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

doctrines / defenses without further explanation, the Court should order them stricken for failure to provide fair notice:

> Estoppel; Laches; Accord and satisfaction, release, waiver; Unclean hands; Defendants were not the proximate cause of the damages; No claim may be made for any obligation that arose before the effective date of the surety bonds; Statute of frauds; Lack of consideration; Defendants fully performed all obligations; Plaintiff's prior breach of contractual obligations excused the Defendants' performance; Failure to mitigate damages; Failure to give timely notice of relevant contract breaches; Failure to satisfy conditions precedent and/or subsequent; Doctrines of mutual mistake, impossibility or impracticability; Offset; Lack of privity of contract; Doctrine of election of remedies; Plaintiffs' audit expenses, attorney's fees and costs were unreasonably incurred; Wholesale misclassification of employees by the auditor; Fraud in the execution; and Plaintiffs are not beneficiaries under relevant surety bonds.

**H. All defenses lacking required particularity should be stricken.**

"[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Defenses involving "fraud or mistake" must also be "state[d] with particularity." Fed. R. Civ. P. 9(b). Pleading the defense of estoppel is no different. *Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-cv-00476, 2010 U.S. Dist. LEXIS 69634, 2010 WL 2757971, at *2 (D. Nev. July 12, 2010) ("In general, the party claiming estoppel must specifically plead all facts relied on to establish its elements" (citing *Nevada Nat. Bank v. Huff*, 94 Nev. 506, 582 P.2d 364, 371 (1978)).

Because none of the Defendants complied with these pleading requirements, there is no basis on which to make a preliminary determination that any of these defenses is even relevant, let alone plausible, on the facts alleged in the Complaint. Thus, even if the defenses of estoppel,[6] fraud, mistake, and failure of conditions precedent were available in a case like this (which the Plaintiffs deny), an order striking these defenses would still be warranted. *See Lafayette Corp., Ltd. v. Bank of Boston Int'l South*, 723 F. Supp. 1461, 1467 (S.D. Fla. 1989)

---

[6] Congress enacted the MPPAA to make promisors liable for breaking their promises, and no estoppel defense may be used to achieve a different result. *See Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176 (1942) ("[R]ules of estoppel will not be permitted to thwart the purposes of statutes of the United States").

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

("Because BBI alleges fraud only in conclusory terms without stating with the requisite specificity any particulars of the misrepresentation, the fourth affirmative defense is insufficient as a matter of law.").

## I. The specific defenses listed by the Defendants are not viable.

If the foregoing is deemed insufficient to demonstrate that all defenses asserted in this Case must be stricken, then the following discussion / legal authorities will show the each has been rejected by prior courts in ERISA collection cases.

*Teamsters & Emp'rs Welfare Tr. v. Gorman Bros. Ready Mix*, 139 F. Supp. 2d 976, 978 (C.D. Ill. 2001), *rev'd on other grounds*, 283 F.3d 877 (7th Cir. 2002) (employers that are obligated to make fringe benefit contributions may not assert equitable defenses, including unjust enrichment, or contract formation defenses related to the collective bargaining agreement, or defenses relating to union conduct). Under these and similar cases, the estoppel, laches, unclean hands, lack of consideration, excused performance, anticipatory breach, mutual mistake, and offset defenses, must be stricken. *See Bjorklund*, 728 F.2d at 1265 (rejecting claims for breach of contract and offset against trust fund contribution claims); *Boilermaker-Blacksmith Nat'l Pension Tr.*, 2020 U.S. Dist. LEXIS 95374, at *12 ("...the defenses of failure of consideration, estoppel, waiver, statute of frauds, and duress are precluded against a plan in ERISA delinquent contributions actions."); *Trs. of the Chi. Painters & Decorators Pension, Health & Welfare v. N. Ave. Constr. Co.*, 2002 U.S. Dist. LEXIS 710, at *8 (N.D. Ill. Jan. 16, 2002) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1154 (7th Cir. 1989)) ("An employer may not seek to avoid liability for delinquent contributions by asserting traditional contract defenses such as fraud in the inducement, lack of consideration, course of performance, or oral side agreements against a pension fund."); *Krumpholz*, 2012 U.S. Dist. LEXIS 51945, at *9 (striking defenses of accord and satisfaction, set-off, waiver, release, estoppel); *Emp. Painters Tr. v. Pac. Nw. Contractors Inc.*, 2013 U.S. Dist. LEXIS 59618, at *12-17 (W.D. Wash. Apr. 24, 2013) (striking defenses because they are not permissible in ERISA collection actions, including "(1) Failure of Plaintiffs to mitigate

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

damages;[7] (2) Statute of Frauds; (3) Breach of contract; (4) Contributory negligence; (5) Delay by Plaintiffs/Laches; (6) Estoppel; (7) Payment; (8) Prevention of performance by Plaintiff; (9) Set off; (10) Unclean hands; (11) Waiver; and (12) Obligation to participate in arbitration and/or mediation"). *Nw. Adm'rs, Inc. v. Columbia Ford Hyundai, Inc.*, 2020 U.S. Dist. LEXIS 83624, at *22 (W.D. Wash. May 12, 2020) (rejecting laches defense); *Bd. of Trs. of the Painters & Floorcoverers Jt. Comm. v. Olympus & Assocs.*, No. 2:19-cv-00252-JAD-VCF, 2021 U.S. Dist. LEXIS 25416, at *16 (D. Nev. Feb. 10, 2021) (rejecting defense that a representative who signed CBA for an employer lacked actual or apparent authority); *Nw. Adm'rs, Inc. v. Crown Disposal Co.*, 2017 U.S. Dist. LEXIS 147717, at *13 (C.D. Cal. Sep. 11, 2017) (rejecting defenses of fraudulent inducement, mutual mistake, and lack of mutual consent); *and see Dairy Emples. Union Local No. 17 v. Henry Vander Poel & Son Dairy*, 2014 U.S. Dist. LEXIS 201282, at *23-24 (C.D. Cal. Sep. 15, 2014) (granting, in ERISA collection case, motion to strike defenses including lack of standing; estoppel; waiver; unclean hands; contributory negligence; comparative negligence; laches; failure to mitigate; negligence; and all defenses based on the allegation there was no enforceable CBA).

---

[7] The defense of failure to mitigate damages is particularly inconsistent with ERISA. *See Operating Engineers' Pension Tr. Fund v. Clark's Welding & Mach.*, 688 F. Supp. 2d 902, 913 (N.D. Cal. 2010) (noting that the court in *Iron Workers' Local No. 25 Pension Fund v. Klassic Services, Inc.*, 913 F. Supp. 541, 546 (E.D. Mich. 1996), found there is "no duty to mitigate damages in ERISA action to collect delinquent fringe benefits")). Collecting promised payments is a statutory duty imposed on the Trustees of benefit plans. 29 U.S.C. § 1104(a)(1)(A) ("a fiduciary shall discharge his duties with respect to a plan…for the exclusive purpose of…providing benefits to participants and their beneficiaries"). Moreover, an award of extra-contractual damages is mandatory in ERISA collection actions. 29 U.S.C. § 1132(g)(2) (courts must award unpaid contributions, interest, reasonable attorneys' fees, plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages in an amount not to exceed 20 percent). This statute reflects the reality that Trust Funds have no choice but to act as if benefits will be paid to eligible plan participants, and they must prepare well in advance to pay future benefits by collecting known debts in the present. ERISA trustees must "act to ensure that [the] plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries." *Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 571, 105 S. Ct. 2833, 86 L. Ed. 2d 447 (1985). To do otherwise would jeopardize a benefit plan's ability to fulfill its obligations, and could also subject its board of trustees to fiduciary breach claims. *See, e.g.*, *Chao v. Merino*, 452 F.3d 174 (2d Cir. 2006) (trustees had duty to collect all monies owed and to ensure that security offered by a delinquent employer was adequate to protect the plan).

Congress intentionally "placed employee benefit plans in a position superior to the original promisee, analogous to a holder in due course." *MacKillop*, 58 F.3d at 1443-44; *Schilli Corp.*, 420 F.3d at 670 ("The union is not the only party with standing to enforce that agreement, however. The MPPAA authorizes multiemployer plans to sue for delinquent contributions owed…"). These cases show lack of standing is not a valid defense.

As for the surety Defendants asserting that the Trust Funds lack standing to collect from their bonds, or because they are not "beneficiaries under the bond(s) at issue," statutes and case law have shown the opposite for decades. *See* NRS 624.273(1)(d) (licensing bonds are required "for the benefit of any person who…[i]s injured by any unlawful act or omission of the contractor in the performance of a contract."); *Genix Supply Co. v. Bd. of Trs.*, 84 Nev. 246, 247, 438 P.2d 816, 817 (1968) ("Failure to pay fringe benefit contributions is either an unlawful act or an omission contemplated by NRS 624.270(3)").

Courts in Nevada have repeatedly ruled that sureties are liable for the unpaid labor debts owed by their principals (or the subcontractors or affiliates of the principals) to ERISA benefit plans like the Trusts. *Genix*, 84 Nev. at 247; *Trs. of the Constr. Indus. v. Summit Landscape Cos.*, 309 F. Supp. 2d 1228, 1243-44 (D. Nev. 2004); *Trs. of Cement Masons & Plasterers Health & Welfare Trust v. Fabel Concrete, Inc.*, 159 F.Supp.2d 1249, 1252-53 (D. Nev. 2001) (where two employer entities were alter egos, Court found surety of non-signatory alter ego entity is liable for the labor debt of signatory employer entity); *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1164-1165 (D. Nev. 2010) (bonding company liable for fees, costs, and other damages); *Trs. of the Plumbers & Pipefitters Union Local 525 Health & Welfare Trust Plan v. Dev'rs Sur. & Indem. Co.*, 120 Nev. 56, 84 P.3d 59 (2004) (reversing trial court judgment refusing to enter an award of attorneys' fees against bond; surety may be held liable for attorney's fees and costs in addition to contributions and interest already awarded by the district court, above and beyond penal sum of bond).

**CHRISTENSEN JAMES & MARTIN, CHTD.**
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

In *Summit Landscape Cos.*, 309 F. Supp. 2d at 1243, two sureties argued that they were not liable for interest, liquidated damages, or attorney's fees and costs. The Court disagreed, finding that the bonds covered 'not only outstanding contributions but also interest on those contributions, liquidated damages, and attorney's fees and costs" because those amounts were owed by the principal under ERISA, 29 U.S.C. § 1132(g)(2). *Id.* at 1244; *see also Tobler & Oliver Constr. Co. v. Bd. of Trs.*, 84 Nev. 438, 440, 442 P.2d 904, 905 (1968) (awarding contributions, attorney's fees, and costs against license bond surety). Thus, the following, which appear to be surety-specific defenses, are contrary to existing law and should be stricken:

> Plaintiffs are not entitled to recover costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g); No claim may be made against the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s); Plaintiffs' Complaint is barred in whole or in part because Plaintiffs are not the beneficiaries under the bond(s) at issue; Liability for payment to the bond(s) is limited and specifically confined to the penal sum of the bond(s); Plaintiffs' Complaint is moot as [the surety] has fully performed any and all of its obligations as set forth in the Bond; Plaintiffs have no privity of contract or other relationship such that Plaintiffs are entitled to assert a claim upon the bond.

Given the <u>overwhelming</u> weight of legal authorities demonstrating that the defenses asserted in this action are impermissible, the Court should strike them as "insufficient" under Rule 12(f). "[A]n affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). Granting this motion will benefit all involved by greatly reducing the disputed factual issues to be addressed at trial and will help ensure that the Plaintiffs are not exposed to undue prejudice / expense.

**J. Leave to file amended Answers should not be granted.**

Re-pleading the same or similar attempted defenses while including a greater level of factual support will not change the fact that none of the listed defenses is valid in an ERISA collection action. Therefore, amendment of the Defendants' Answers would be futile. Many of the defenses simply cannot be asserted, no matter the level of detail, because the attempted affirmative defenses depend on the assumption that the Plaintiffs entered into a labor agreement

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718  §  FAX: (702) 255-0871

with the Defendants, which is false as a matter of law. *See Waggoner*, 649 F.2d at 1364 (benefit trusts are distinct and independent from the union); *and see Vogel*, 2014 U.S. Dist. LEXIS 11821, 2014 WL 340662, at *3 (granting motion to strike defenses and disallowing amendment of defenses that failed as a matter of law, including those that were really factual denials).

The Ninth Circuit could not have been clearer in declaring that ERISA "section 515 mandates that employers are responsible to pay promised ERISA plan contributions regardless of defenses challenging the validity of the underlying CBA" because "Congress intended to abolish" defenses. *MacKillop*, 58 F.3d at 1443 & 1445; *Gietzen Elec., Inc.*, 898 F. Supp. 2d at 1200 ("In the Ninth Circuit, only…[the defenses of] illegality…[and proof the labor agreement is] void *ab initio*…are available when contesting delinquency actions"). To be clear, the initial burden of proof will remain on Plaintiffs to prove all necessary elements of their claims. However, if the Court grants this Motion, no affirmative defenses will remain to be litigated in this Case.

### K. The demand for a jury trial should also be stricken.

"There is no right to a jury trial under ERISA." *Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000) (quoting *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999), cert. denied, 529 U.S. 1087, 146 L. Ed. 2d 641, 120 S. Ct. 1719 (2000)); *see also Pardini v. S. Nev. Culinary & Bartenters Pension Plan & Tr.*, 733 F. Supp. 1402, 1403 (D. Nev. 1990) (granting motion to strike jury demand in ERISA pension benefits case). Accordingly, the Plaintiffs move the Court to strike the Defendants' jury demands as more specifically addressed in their Motion to Dismiss, which will be filed concurrently herewith.

## IV.

## CONCLUSION

For the reasons stated above, the Court should narrow the issues to avoid the "expenditure of time and money that must arise from litigating spurious issues" by entering its

Order granting this Motion to Strike.[8] By doing so, the Court will comply with its duty under Fed. R. Civ. P. 1 to construe, administer, and employ the rules (including Fed. R. Civ. P. 12(f)) "to secure the just, speedy, and inexpensive determination of every action and proceeding."

Dated this 24th day of September 2024.

CHRISTENSEN JAMES & MARTIN, CHTD.

By:  */s/ Daryl E. Martin*
Daryl E. Martin, Esq.
Nevada Bar No. 6735
Email: dem@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Ph: (702) 255-1718
*Attorneys for Plaintiffs Board of*
*Trustees of the Employee Painters'*
*Trust, et al.*

---

[8] Attached as Exhibit A is a draft Order for the court's consideration and use.

-28-

**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE DEFENSES**

I, Daryl E. Martin, under penalty of perjury of the laws of the United States of America and the State of Nevada, declare as follows:

1.      I am an attorney licensed to practice law in the state of Nevada. I am admitted to practice before this Court and I am employed by Christensen James & Martin, counsel for the Plaintiffs in the above-referenced Case.

2.      I have more than 20 years of experience litigating ERISA trust fund collection cases. Based on that experience, I declare that in the absence of an Order striking various defenses listed by the Defendants, the Plaintiffs, in addition to incurring truly necessary attorneys' fees to litigate other aspects of this Case, will likely be forced to incur tens of thousands of additional dollars in attorneys' fees conducting discovery and otherwise litigating the validity of said affirmative defenses, which appear without any sort of factual explanations in boilerplate lists filed by the Defendants with their Answers, even though case law forcefully and repeatedly establishes that none of the defenses on the boilerplate lists is legally relevant, and none is capable of affecting the outcome of this matter.

3.      My estimate that Plaintiffs would be compelled to incur tens of thousands of dollars in "additional" fees is based on the need to conduct discovery (interrogatories, requests for production of documents, depositions) and later to prepare legal briefs related to virtually all of the boilerplate defenses listed by the Defendants in their Answers.

4.      I further declare, based on my experience, and on information and belief, that it is appropriate to consider each such "additional" dollar of fees incurred by the Plaintiffs as a form of harm or prejudice to which they need not and should not be exposed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of September, 2024, at Las Vegas, Nevada.

  _/s/ Daryl E. Martin_
  Daryl E. Martin

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718   §   FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

<u>CERTIFICATE OF SERVICE</u>

I am an employee of Christensen James & Martin.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE:  Pursuant to Local Rule LR IC 4-1 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL:  By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER:  By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

**CHRISTENSEN JAMES & MARTIN**


By: ___*/s/ Natalie Saville*_____

# EXHIBIT A

# (PROPOSED ORDER)

**PROPOSED ORDER**

Before the Court is Plaintiffs' Motion to Strike Defenses. The Court has considered all briefing related to the Motion, all arguments made by the Parties, and now rules as follows:

1.    Plaintiffs are multiemployer employee benefit trusts governed by the Employee Retirement Income Security Act ("ERISA"). Defendants are Olympus Construction LV, Inc. ("OCLV"), Hospitality Renovation Services, LLC ("HRS"), those companies' owners, Philip Friedberg ("Friedberg") and Marie Bower ("Bower"), and the companies' sureties, Western National Mutual Insurance Company ("Western National") and Great American Insurance Company ("Great American").

2.    Plaintiffs claim to be intended third-party beneficiaries under one or more collective bargaining agreements (the "Labor Agreements") which Plaintiffs allege OCLV and HRS entered into with International Union of Painters and Allied Trades District Council 16 (formerly District Council 15) (the "Union"). Based on the facts stated in the Complaint, which for present purposes the Court accepts as true, Plaintiffs' claimed status as third-party beneficiaries appears to be legally correct. *See Carpenters Health & Welfare Trust Fund v. Bla-Delco Constr., Inc.*, 8 F.3d 1365, 1369 (9th Cir. 1993) ("In an action to collect contributions, the Trust Funds stand in the position of third-party beneficiaries of the [Labor Agreements]").

3.    Plaintiffs' causes of action are: 1) Breach of Contract (against OCLV and HRS); 2) Violation of ERISA – 29 U.S.C. § 1145 (against OCLV and HRS); 3) Breach of written trust agreements / corporate officer liability (against Friedberg and

Bower); 4) Demand for relief on licensing bonds under NRS 624.273 (against Western National); and 5) Demand for relief on benefit bond (against Great American).

4.     In their Answers to the Complaint, each of the Defendants listed between 24 and 36 affirmative defenses without making any explanatory factual statements. The defense of fraud in the execution appeared on the lists of defenses filed by OCLV, HRS, Friedberg, and Bower. None of the Defendants listed the defense of illegality.

5.     Defendants Western National and Great American asserted various surety-specific defenses, including lack of standing, that the Plaintiffs are not considered beneficiaries under the bonds at issue, or that sureties are only obligated to pay claims when their named principals are expressly found to be liable to a claimant.

6.     In this case, Plaintiffs' claims largely depend on whether OCLV and HRS were "obligated to make contributions to a multiemployer plan...under the terms of a collectively bargained agreement" as described in 29 U.S.C. § 1145, which states, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

7.     29 U.S.C. § 1145 is part of the Multiemployer Pension Plan Amendments Act ("MPPAA"), which was enacted to streamline ERISA collection cases like this one. *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1053 (6th Cir. 2015). Like other appeals courts, the Ninth Circuit Court of Appeals interprets the MPPAA as a limit on the defenses available in ERISA collection cases.

*S. Cal. Retail Clerks Union & Food Employers Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1265 (9th Cir. 1984) ("range of defenses...is severely limited"); *MacKillop v. Lowe's Mkt., Inc.*, 58 F.3d 1441, 1443 (9th Cir. 1995) ("Congress intended to abolish" defenses when it enacted the MPPAA).

8.      Plaintiffs point out that in the Ninth Circuit only two defenses are valid in ERISA collection cases: 1) the defense that the promise to pay contributions was illegal (*Bjorklund*, 728 F.2d 1262), and 2) fraud in the execution. *Mackillop*, 58 F.3d 1441.

9.      Citing Fed. R. Civ. P. 8(c)(1) and *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 841 (9th Cir. 2007), Plaintiffs argue that the defense of illegality was waived because it was not raised in any of the Defendants' initial pleadings. The Court agrees.

10.     Plaintiffs argue that all defenses asserted in this Case, save only fraud in the execution, are legally insufficient because they are factual denials of allegations made in the Complaint, contract formation defenses, equitable defenses, or they have been rejected by prior courts in similar actions. Plaintiffs cite cases including the following for these propositions: *Khosroabadi v. Mazgani Soc. Servs., Inc.*, 2017 U.S. Dist. LEXIS 222596, at *7 (C.D. Cal. Oct. 4, 2017) ("A denial of Plaintiff's factual allegations is not an affirmative defense."); *Trs. of Operating Eng'rs Pension Tr. v. O'Dell*, 682 F. Supp. 1506, 1516 (D. Nev. Mar. 7, 1988) (contract formation defenses and equitable defenses unavailable); *Boilermaker-Blacksmith Nat'l Pension Tr. v. Elite Mech. & Welding*, 2020 U.S. Dist. LEXIS 95374, at *11-13

(W.D. Mo. June 1, 2020) (striking sixteen affirmative defenses as insufficient under Fed. R. Civ. P. 12(f)).

11.     Citing authorities like *Snow Covered Capital, LLC v. Weidner*, 2:19-cv-00595-JAD-NJK, 2019 WL 6719526, 2019 U.S. Dist. LEXIS 213637 *5-7 (D. Nev. Nov. 22, 2019), the Plaintiffs argue it is appropriate to strike defenses that are not supported by factual allegations because such defenses generally fail to provide "fair notice" of the grounds on which they are asserted. The Court agrees.

12.     Plaintiffs argue that in Nevada sureties may be held liable in a broader set of circumstances than those envisioned in the defenses pleaded by the Sureties. *See, e.g., Trs. of Cement Masons & Plasterers Health & Welfare Trust v. Fabel Concrete, Inc.*, 159 F.Supp.2d 1249, 1252-53 (D. Nev. 2001) (surety of non-signatory alter ego entity was liable for the labor debt of signatory employer entity); *Trs. of the Constr. Indus. v. Summit Landscape Cos.*, 309 F. Supp. 2d 1228, 1243 (D. Nev. 2004) (sureties liable for "not only outstanding contributions but also interest on those contributions, liquidated damages, and attorney's fees and costs"); *Tobler & Oliver Constr. Co. v. Bd. of Trs.*, 84 Nev. 438, 440, 442 P.2d 904, 905 (1968) (awarding contributions, attorney's fees, and costs against license bond surety). Again, the Court agrees.

13.     Plaintiffs argue that Fed. R. Civ. P. 9(c) requires defenses involving "fraud or mistake" to be stated with particularity, including the "'the who, what, when, where, and how of the misconduct charged.'" *Weidner*, 2019 U.S. Dist. LEXIS 213637 *9; 2019 WL 6719526 (D. Nev. Nov. 22, 2019) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiffs further argue it is appropriate to strike the

fraud in the execution defenses asserted in this Case because they are unsupported by any factual statements. The Court agrees.

14.   The Court strikes the following defenses because they are merely factual denials:

> Accord and satisfaction, release and waiver; Defendants complied with applicable agreements; Plaintiffs' audit demand exceeds the scope of its auditing authority; Plaintiffs are not entitled to recover costs, disbursements, attorney's fees, interest, liquidated damages, or any other penalties available under ERISA § 502(g); Damages claimed by Plaintiffs resulted from acts or omissions of persons other than the Defendants or their agents; Defendant was not the proximate cause of any damages sustained by Plaintiffs; Lack of union animus; No agreement provides for contributions by Defendant as assessed by Plaintiff; No claim may be made against the bond(s) for any obligation which arose against the principal prior to the date of the execution of the surety bond(s); No claim may be made against the bond(s) for any obligation incurred by an entity not named as the principal on the surety bond(s); Plaintiffs' Complaint is barred in whole or in part by the statute of frauds; Lack of consideration; Defendant is not an employer required to make contributions by not being a signatory to certain agreements or documents; OCLV and HRS were excused from performing any contractual obligations; OCLV and HRS fully performed all duties owed to Plaintiffs; the surety Defendants fully performed all obligations as set forth in the bond(s); Plaintiffs breached their own contractual obligations to OCLV and/or HRS and as a result, the Defendants are released or discharged from their obligations; Plaintiffs are not the beneficiaries under the bond(s) at issue; Plaintiffs have failed to satisfy conditions precedent and/or conditions subsequent required before bringing an action against Defendant; Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations; Plaintiffs' Complaint is barred in whole or in part because the audit expenses and attorney's fees and costs claimed by Plaintiffs were unreasonably incurred; Plaintiffs' Complaint is barred by the wholesale misclassification of employees by the auditor during the audit; Defendants operated as separated distinct entities; Anticipatory breach; Election of remedies; Defendant denies each and every allegation not specifically admitted in its Answer to Plaintiffs' Complaint; Plaintiffs' Complaint is barred in whole or in part because Plaintiff cannot satisfy the burden of proof as to damages.

15. The Court strikes the following defenses because they are impermissible contract formation defenses or equitable defenses:

> Estoppel; Laches; Accord and satisfaction, release, waiver; Unclean hands; Defendants were not the proximate cause of the damages; Lack of consideration; Defendants fully performed all obligations; Plaintiff's prior breach of contractual obligations excused the Defendants' performance; Failure to mitigate damages; Failure to give timely notice of relevant contract breaches; Failure to satisfy conditions precedent and/or subsequent; Doctrines of mutual mistake, impossibility or impracticability; Offset; Lack of privity of contract; Doctrine of election of remedies.

16. The Court strikes the following defenses because they do not state the grounds on which they are based and therefore fail to provide "fair notice" to the Plaintiffs:

> Estoppel; Laches; Accord and satisfaction, release, waiver; Unclean hands; Defendants were not the proximate cause of the damages; No claim may be made for any obligation that arose before the effective date of the surety bonds; Statute of frauds; Lack of consideration; Defendants fully performed all obligations; Plaintiff's prior breach of contractual obligations excused the Defendants' performance; Failure to mitigate damages; Failure to give timely notice of relevant contract breaches; Failure to satisfy conditions precedent and/or subsequent; Doctrines of mutual mistake, impossibility or impracticability; Offset; Lack of privity of contract; Doctrine of election of remedies; Plaintiffs' audit expenses, attorney's fees and costs were unreasonably incurred; Wholesale misclassification of employees by the auditor; Fraud in the execution; and Plaintiffs are not beneficiaries under relevant surety bonds.

17. To the extent any of the Defendants have stated a defense that is not specifically stricken by the foregoing paragraphs, it is the Court's intent to strike all defenses asserted in the Answers of the Defendants. Plaintiffs will still be required to prove all the essential elements of their causes of action.

18. The Plaintiffs argue that leave should not be granted to the Defendants to re-plead any of the defenses asserted in this Action because doing so would be futile in

light of Ninth Circuit cases holding that only two potentially valid defenses exist, namely the defenses of illegality (which was waived) and fraud in the execution (which was not pleaded with particularity as required by Fed. R. Civ. P. 9). Although the Court agrees and hereby grants Plaintiffs' Motion to Strike all other defenses without leave to amend, the Defendants may, though a future motion, seek leave to amend to assert the defense of fraud in the execution.

IT IS SO ORDERED.


_____
United States Magistrate / District Court Judge