KAMER ZUCKER ABBOTT
Gregory J. Kamer #0270
R. Todd Creer #10016
Dare E. Heisterman #14060
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
tcreer@kzalaw.com
dheisterman@kzalaw.com

Attorneys for Defendants/
Counterclaim-Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> OLYMPUS CONSTRUCTION LV, INC., et al., <br><br> Defendants. <br>——————————————————<br> OLYMPUS CONSTRUCTION LV, INC., et al., <br><br> Counterclaim-Plaintiffs, <br><br> vs. <br><br> BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al., <br><br> Counterclaim-Defendants. <br>—————————————————— | Case No. 2:24-cv-01023-APG-NJK <br><br> **DEFENDANTS OLYMPUS CONSTRUCTION LV, INC., HOSPITALITY RENOVATION SERVICES, LLC, PHILIP GLEN FRIEDBERG, MARIE JAN BOWER, AND WESTERN NATIONAL MUTUAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENSES AND JURY DEMAND (ECF NO. 18)** |

Defendants OLYMPUS CONSTRUCTION LV, INC., HOSPITALITY RENOVATION SERVICES, LLC, PHILIP GLEN FRIEDBERG, MARIE JAN BOWER, AND WESTERN NATIONAL MUTUAL INSURANCE COMPANY, by and through their counsel of record, the law

firm of Kamer Zucker Abbott, oppose Plaintiffs' Motion to Strike Defendants' Defenses and Jury Demand (ECF No. 18). This opposition is based upon the pleadings and papers on file herein, the attached memorandum of points and authorities, the supporting exhibits submitted herewith, and any argument the Court may allow.

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>.**

Defendants are Nevada corporation OLYMPUS CONSTRUCTION LV, INC. ("OCLV"), and its owner and operator PHILIP GLEN FRIEDBERG, Nevada limited liability company HOSPITALITY RENOVATION SERVICES, LLC ("HRS"), and its owner and operator MARIE JAN BOWER, and WESTERN NATIONAL MUTUAL INSURANCE COMPANY ("Western National"). Plaintiffs are various employee benefit trusts created by written declarations of trust, consistent with § 302(c) of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 186(c)) and governed by the Employee Retirement Income Security Act ("ERISA"). (ECF No. 13 at 12, ¶ 7.) OCLV is a signatory to several collective bargaining agreements ("CBAs") that require OCLV to make certain contributions to Plaintiff trust funds on behalf of bargaining unit employees. Specifically, OCLV is a signatory to the Southern Nevada Painting, Wallcovering & Drywall Finishing Master Agreement ("Master Labor Agreement"), Floorcoverers Local 1512 Master Agreement ("Floorcoverers Agreement"), and Southern Nevada Glaziers Master Agreement. (ECF No. 13 at 12, ¶ 3.)

In 2016, the International Union of Painters & Allied Trades District Council 15, Painters Local 159 ("Union") initiated a grievance against OCLV, alleging that HRS is a "sister company" to OCLV and thereby is a signatory to the Master Labor Agreement. (ECF No. 13 at 14, ¶ 16.) The Plaintiff trust funds also initiated a payroll compliance audit of OCLV, during which they sought records pertaining to HRS, which they alleged was a "possibly closely related company" to OCLV.

(ECF No. 13 at 14–15, ¶ 17–18.)

The Union, OCLV, and HRS settled the grievance in 2017. (ECF No. 13 at 15, ¶ 20.) As part of the settlement agreement, HRS agreed to be bound by the 2015 – 2019 Master Labor Agreement. (ECF No. 13 at 15, ¶ 21.) However, HRS is not a signatory to any other collective bargaining agreement. (ECF No. 13 at 16, ¶ 23.) Additionally, as part of the settlement agreement, the Union expressly disclaimed a joint or single employer relationship between OCLV and HRS. (ECF No. 13 at 16, ¶ 24.)

Concurrent to the grievance settlement, OCLV and HRS entered a settlement agreement with the Plaintiff employee trust funds. (ECF No. 13 at 16, ¶ 25.) Under the settlement agreement, Plaintiffs waived claims related to HRS and OCLV being a single employer, joint employer, or alter egos of each other. (ECF No. 13 at 17, ¶ 27.)

In the current lawsuit, Plaintiffs are suing Defendants for (1) breach of contract (against OCLV and HRS), (2) violation of ERISA – 29 U.S.C. § 1145 (against OCLV and HRS), (3) breach of written trust agreements (against Friedberg and Bower), (4) demand for relief on the license bonds under NRS 624.273 (against Western National), and (5) demand for relief on benefit bond (against Great American). (ECF No. 1 at 14–19.) As part of their claims, Plaintiffs allege that HRS and OCLV are a single employer or alter egos of each other, despite the express terms of the 2017 settlement agreement, and despite the fact that the two companies operate as separate and distinct entities. (ECF No. 1 at 10–12, 14.) Notably, this case differs from traditional ERISA delinquent contributions cases in this regard because Plaintiffs are attempting to bind a non-signatory to the terms of a CBA through an alter ego or single employer theory of liability.

Defendants OCLV, Friedberg, HRS, Bower, and Western National filed answers containing affirmative defenses regarding Plaintiffs' alter ego and single employer allegations and Plaintiffs' own actions and misrepresentations, among other defenses. (ECF Nos. 11, 13, 15.) Plaintiffs moved to

strike all of Defendants' affirmative defenses. (ECF No. 18.)

## II.     STANDARD FOR MOTIONS TO STRIKE.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" to "avoid the expenditure of time and money that must arise from litigating spurious issues." Fed. R. Civ. P. 12(f); Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993). "Whether to grant a motion to strike lies within the sound discretion of the district court." Roadhouse v. Las Vegas Metro. Police Dep't, 290 F.R.D. 535, 543 (D. Nev. 2013). Courts "must view the pleading under attack in the light most favorable to the pleader." Cardinale v. La Petite Acad., Inc., 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002).

Additionally, Nevada courts disfavor motions to strike and routinely require the moving party to show prejudice before granting the requested motion. Roadhouse, 290 F.R.D. at 543; see, e.g., Dillon v. Corr. Corp. of Am., No. 2:20-cv-02319-APG-NJK, 2021 BL 633419, at *1 (D. Nev. July 19, 2021); Snow Covered Capital, LLC v. Fonfa, No. 2:22-cv-01181-CDS-VCF, 2023 U.S. Dist. LEXIS 158856, 2023 BL 315672, at *2 (D. Nev. Mar. 06, 2023). A "mere conclusion" that the moving party will be prejudiced is not enough to support a motion to strike. Hukman v. Terrible Herbst, Inc., No. 2:21-cv-01279-ART-MDC, 2024 U.S. Dist. LEXIS 116148, 2024 BL 225403, at *2 (D. Nev. July 01, 2024). "If the court finds 'any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.'" Banks v. Trans Union, LLC, No. 2:21-cv-01580-CDS-EJY, 2024 BL 225387, at *2 (D. Nev. July 02, 2024) (citing Holmes v. Elec. Document Processing, Inc., 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013)). "Further, 'unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.'" Snow Covered Capital v. Weidner, No. 2:19-cv-00595-JAD-NJK, 2019 BL 488665, at *1 (D. Nev. Dec. 03, 2019).

III. **LEGAL ARGUMENT.**

As a threshold matter, Plaintiffs' motion to strike should not be granted because Plaintiffs have not shown that they will be prejudiced if the court allows the affirmative defenses to stand. Defendants provided fair notice and sufficient factual detail of their defenses in their Answers and Counterclaims. Furthermore, the affirmative defenses regarding Plaintiffs' alter ego and single employer allegations should not be stricken because they relate to a threshold issue of whether HRS is bound by the Floorcoverers Agreement. Additionally, the affirmative defenses regarding the Plaintiffs' own actions and misconduct are available as defenses in ERISA actions. Lastly, the court should not strike Defendants' jury demand because there is a right to a jury trial in joint LMRA/ERISA delinquency cases and because Defendants' have raised separate counterclaims that may be presented to a jury.

### A. Plaintiffs' Motion To Strike Should Not Be Granted Because They Have Not Shown Prejudice.

Nevada courts have routinely required the moving party to show prejudice before granting a motion to strike. Roadhouse, 290 F.R.D. at 543; see, e.g., Dillon, 2021 BL 633419, at *1, Fonfa, 2023 U.S. Dist. LEXIS 158856, 2023 BL 315672, at *2. For example, the court has denied plaintiffs' motion to strike defendant's "generic" affirmative defenses and "negative defenses" because the plaintiffs did not identify any resulting prejudice or harm in allowing the defenses to stand until the parties completed discovery. Painters Joint Comm. v. J.L. Wallco, Inc., No. 2:10-CV-1385 JCM (PAL), 2011 WL 2418615, 2011 BL 156489, at *1–2 (D. Nev. June 14, 2011). Additionally, the court has found that the moving party did not suffer prejudice when the non-moving party filed an "extremely late" answer to an amended complaint, because the moving party was always aware of the non-moving party's answers, theory of the case, or affirmative defenses because of defendant's first answer and other motions. Roadhouse, 290 F.R.D. at 543.

Here, Plaintiffs do not argue in any great detail that they will be prejudiced or harmed if

Defendants' affirmative defenses are allowed to stand until the parties complete discovery. Thus, as a threshold matter, the Court should not grant Plaintiffs' motion to strike because they have not shown prejudice.

### B. Defendants Provided Fair Notice And Sufficient Factual Detail Of Their Defenses In Their Answers And Counterclaims.

Under the fair notice standard, defendants "need only state affirmative defenses in general terms." Fonfa, 2023 U.S. Dist. LEXIS 158856, 2023 BL 315672, at *2. Accordingly, many courts do not require a detailed pleading of affirmative defenses and regularly deny attempts to strike conclusory affirmative defenses. Trs. of Local 813 Ins. Trust Fund v. Wilner's Livery Serv., Inc., No. 11-CV-3180, 2012 WL 4327070, 2012 BL 240036, at *6–7 (E.D.N.Y. Sept. 19, 2012). Further, in determining whether a party has alleged sufficient facts in an affirmative defense, courts may consider the facts alleged in Defendants' Answer and case filings as a whole. See Roadhouse, 290 F.R.D. at 543.

Here, Plaintiffs have fair notice of Defendants' affirmative defenses from the details in Defendants' Answers and Counterclaims. Specifically, Defendants detailed in their Answers and Counterclaims the relevant facts regarding the settlement agreement terms, Plaintiff's misrepresentations, and Defendants' case theories. (ECF No. 11 at 13–18; ECF No. 13 at 13–18). Altogether, Defendants' Answers and Counterclaims provide Plaintiffs with sufficient factual detail to constitute fair notice of their defenses, and the court should deny Plaintiffs' motion to strike on this ground.

### C. Defendants' Contract Defenses And Defenses Regarding Plaintiffs' Alter Ego And Single Employer Allegations Should Not Be Stricken Because They Relate To A Threshold Issue Of Whether HRS Is Bound By The Floorcoverers Agreement.

In order to determine whether a claim under ERISA exists, a court must determine: (1) the existence of a contractual relationship covered by ERISA; and (2) whether a violation occurred. ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the

extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, contributions from an employer to a benefit trust fund may only be made pursuant to a written agreement. 29 U.S.C. § 186(c)(5). In particular, federal law requires that the written agreement provide "the detailed basis on which such payments are to be made." 29 U.S.C. § 186(c)(5)(B); Guthart v. White, 263 F.3d 1099, 1102 (9th Cir. 2001). In other words, in order to pursue an ERISA claim, there must be a valid contribution obligation as set forth in the "terms of the plan" or under the "terms of a collective bargaining agreement."

The U.S. Supreme Court has held that the remedy provided by ERISA for the collection of delinquent contributions is limited to collection of "promised contributions." Laborers Health and Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., 484 U.S. 539, 549 (1988). "These obligations, however, do not bind any one employer into perpetuity." Plumbers & Pipefitters Local Union No. 572 Health and Welfare Fund v. A & H Mech. Contractors, Inc., 100 Fed. Appx. 396, 400, 2004 WL 1208873 (6th Cir. 2004). Indeed, an employer's obligation to make contributions under Section 515 is only applicable during the effective periods of an enforceable agreement and ceases upon termination of the underlying agreement. Id., 100 Fed. Appx. At 400-01; Teamsters for Mich. Conference of Teamsters Welfare Fund v. Blue Sky Heavy Hauling, Inc., No. 09-10837, 2010 WL 522786, at *4 (E.D. Mich. Feb. 8, 2010).

"Under Section 404(a)(1)(D) of ERISA, the trustees of an employee benefit plan are required to act 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.'" Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1493 (1990); 29 U.S.C. § 1104(a)(1)(D). The scope of trustee authority, rights, duties, and responsibilities are defined and limited by the trust agreement. See Santa Monica Culinary Welfare Fund, 920 F.2d at 1493; Board of Trustees v. Cal. Coop. Creamery, 877 F.2d 1415, 1420 (9th Cir. 1989). Courts do not defer to the

trustees' interpretation of a trust agreement if the interpretation is arbitrary, capricious, or contrary to law. Carpenters Pension Trust for N. Cal. v. Underground Constr. Co., Inc., 31 F.3d 776, 780 (9th Cir. 1994). "The touchstone of 'arbitrary and capricious' conduct is unreasonableness." Clark v. Wash. Teamsters Welfare Trust, 8 F.3d 1429, 1432 (1993). Notably, the "imposition of a standard that is not contained in the terms of a plan amounts to an arbitrary and capricious decision." Blau v. Del Monte Corp., 748 F.2d 1348, 1354 (9th Cir. 1984), abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 894 n.4 (9th Cir. 1990).

Generally, "traditional contract law does not apply in full force in actions brought under [ERISA] to collect delinquent trust fund contributions," and defenses are limited in such cases. Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 773 (9th Cir. 1986). Even so, courts have allowed affirmative defenses in ERISA contributions cases involving alter ego allegations because such defenses relate to the threshold issue of whether a defendant is legally bound by the terms of the CBA. Emp. Painters' Trust v. Pac. Nw. Contractors, Inc., Case No. C13-05018-BHS, 2013 WL 1774628, 2013 BL 111852, at *5 (W.D. Wash. Apr. 25, 2013); Painters Joint Comm., 2011 WL 2418615, 2011 BL 156489, at *1. For example, Employee Painters' Trust involved an ERISA contributions case where the trust funds alleged that the defendants were an alter ego of an employer that was required to make contributions under a CBA. The court denied the plaintiffs' motion to strike affirmative defenses regarding alter ego and single employer issues, stating that "it must first be determined that the [defendants] are legally bound by the terms of the CBA." Emp. Painters' Trust, 2013 WL 1774628, 2013 BL 111852, at *5. Similarly, in Painters Joint Comm., the court denied the plaintiff trust funds' motion to strike all of the defendants' contract defenses. Painters Joint Comm., 2011 WL 2418615, 2011 BL 156489, at *1. The court reasoned that only ERISA employers are precluded from bringing such defenses, and "the burden rests on the plaintiffs to prove that the defendants are ERISA employers by way of their alter-ego claim in the first place." Id.

Here, like Employee Painters' Trust and Painters Joint Comm., this case differs from traditional ERISA contributions cases because Plaintiffs allege that HRS and OCLV are a single employer or are alter egos of each other. Although OCLV is the only employer signatory to the Floorcoverers Agreement, Plaintiffs allege that HRS is also bound by the agreement by virtue of its alter ego or single employer status and is required to make employee trust fund contributions under the agreement. As a non-signatory, HRS is not bound by the Floorcoverers Agreement, and thus does not have to make trust fund contributions, unless Plaintiffs prevail on their alter ego or single employer claims. Additionally, HRS was fraudulently induced by Plaintiffs into signing the Master Labor Agreement, under the terms of a settlement agreement that Plaintiffs have breached. Thus, the Court must first determine if HRS is legally bound by the relevant CBAs. Because it is Plaintiff's burden to prove that HRS is an ERISA employer that is bound by the CBAs, the Court should allow Defendants to assert all contract defenses and defenses related to alter ego and single employer issues until such determination is made.

Specifically, the following defenses relate to plaintiffs' alter ego and single employer allegations: HRS's signature on the Master Agreement was secured through fraud (No. 4), no agreement provides for contributions by Defendant as asserted by Plaintiff (No. 14), Defendants operated as separate and distinct entities (No. 15), and Defendant is not an employer required to make contributions by not being a signatory to certain agreements or documents (No. 21). Accordingly, the court should allow Defendants to assert all contract defenses and defenses related to alter ego and single employer theories of liability, because they relate to the threshold issue of whether HRS is bound by the agreement.

**D. Defendants' Affirmative Defenses Regarding The Trust Funds' Own Actions And Misconduct Are Available As Defenses In ERISA Actions.**

Courts have also allowed affirmative defenses that focus on the trust funds' own actions and conduct, as opposed to CBA formation and enforcement, recognizing that such defenses are not

foreclosed under Section 515 of ERISA. Wilner' Livery Serv., 2012 WL 4327070, 2012 BL 240036, at *6. For example, in an ERISA delinquent contributions action, one court denied the trust funds' motion to strike affirmative defenses of laches, equitable estoppel, unclean hands, Plaintiffs' own conduct and/or misconduct, and Plaintiffs' own actions and/or inaction. Id. There, the court reasoned that ERISA "may not foreclose inquiry into the actions of the fund itself in asserting its rights." Id. (emphasis omitted).

Moreover, equitable estoppel defenses are generally available in joint LMRA and ERISA actions. Bd. of Trs. of Painters & Floorcoverers Joint Comm. v. Olympus & Assocs., No. 2:19-cv-00252-JAD-VCF, 2021 BL 47019, at *10 (D. Nev. Feb. 10, 2021) (citing Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 762 (9th Cir. 1981) ("Because an action brought under § 301(a) of the Labor Management Relations Act is an action arising under a federal statute, the federal common law, rather than state law, is controlling with respect to the availability of the estoppel defense.")).

Here, the Court should not strike Defendants' affirmative defenses that relate to Plaintiffs' own actions and conduct. Specifically, Plaintiffs induced Defendants into signing a settlement agreement requiring HRS to become a signatory to the Master Labor Agreement and agreeing that it would not pursue HRS as an alter ego of or single employer with OCLV. However, Plaintiffs have now intentionally breached the settlement agreement by pursuing action against HRS and OCLV under alter ego and single employer theories of liability.

Thus, the Court should not strike Defendants' defenses related to Plaintiffs' own actions and misconduct, including the following defenses: estoppel (No. 2), laches (No. 3), HRS's signature on the Master Agreement was secured through fraud (No. 4 for HRS/Bower and OCLV/Friedberg), accord & satisfaction, release and waiver (No. 5), unclean hands (No. 6), Plaintiffs' claims are barred by their own intentional acts and/or omissions (No. 7), Defendant complied with applicable agreements (No. 8), damages claimed by Plaintiffs resulted from acts or omissions of persons other than Defendant or

its agent (No. 12), OCLV and HRS were excused from performing any contractual obligations owed to Plaintiffs (No. 22 for Western National and HRS/Bower), OCLV and HRS fulfilled their duties under Nevada and federal law and performed all duties owed to Plaintiffs (No. 23 for Western National and HRS/Bower), and Plaintiffs breached their own contractual obligations to OCLV and/or HRS, and, as a result, Defendant is released or discharged from any obligations to Plaintiffs (No. 26 for Western National).

### E. Defendants' Affirmative Defense Of Failure To State A Claim Is Expressly Permitted By FRCP 12(h)(2).

This Court has previously allowed defendants to plead "failure to state a claim" as an affirmative defense under FRCP 12(h)(2). Wright v. Jacob Transp., LLC, Case No.: 2:15-cv-00056-JAD-GWF, 2015 WL 3916001, 2015 BL 203915, at *6 (D. Nev. June 24, 2015) ("FRCP 12(h)(2) expressly permits [defendant] to raise an alleged failure to state a claim upon which relief may be granted in its answer"). Additionally, this Court has found that defendants preserved their right to move to dismiss by asserting an affirmative defense of failure to state a claim in their answers. Chocolate Magic Las Vegas LLC v. Ford, 337 F. Supp. 3d 950, 955 (D. Nev. 2018). Thus, the court should not strike Defendants' affirmative defense of failure to state a claim, as expressly permitted by FRCP 12(h)(2) and consistent with this Court's precedent.

### F. Defendants' Demand For A Jury Trial Should Not Be Stricken Because There Is A Right To A Jury Trial In Joint LMRA/ERISA Delinquency Cases And Because Defendants Have Asserted Counterclaims.

Multiple courts have allowed jury trials in joint LMRA/ERISA delinquency cases. See, e.g., Brown v. Sandimo Materials, 250 F.3d 120, 127 (2d Cir. 2001) ("[T]he existence of a parallel [ERISA] claim in equity will not impair the right to a jury on plaintiffs' legal claim"); Laborers' Pension Fund v. A & C Envtl., Inc., 301 F.3d 768, 771 (7th Cir. 2002) (explaining a jury verdict in a case brought under Section 515 of ERISA and Section 301 of the LMRA). Here, Plaintiffs have brought a joint LMRA/ERISA delinquency case against Defendants. (ECF No. 1 at 2:7–18, 6:8–22, 16:14–16). Thus,

Defendants have a right to a jury trial, and the court should not strike defendants' demand for a jury trial.

Additionally, due to the misconduct of Plaintiff trust funds, Defendants have asserted several counterclaims. The counterclaims include breach of contract, civil conspiracy, and abuse of process. Defendants are entitled to pursue and present such claims to a jury. <u>Myers v. U.S. Dist. Court for the Dist. of Mont.</u>, 620 F.2d 741, 744–45 (9th Cir. 1980) (finding that defendant was constitutionally entitled to a jury trial on any "legal" issues raised in his counterclaim, including a breach of contract counterclaim). Consequently, Plaintiffs' request to strike the jury demand is improper.

**IV.   CONCLUSION.**

For the foregoing reasons, the court should deny Plaintiffs' Motion to Strike. Specifically, as a threshold matter, Plaintiffs' motion to strike should not be granted because Plaintiffs have not shown prejudice. Additionally, Defendants provided fair notice and sufficient factual detail of their defenses in their Answers and Counterclaims. Further, the affirmative defenses regarding Plaintiffs' alter ego and single employer allegations should not be stricken because they relate to a threshold issue of whether HRS is bound by the Floorcoverers Agreement. Additionally, the affirmative defenses regarding the Plaintiffs' own actions and misconduct are available as defenses in ERISA actions. Lastly, the court should not strike Defendants' jury demand because there is a right to a jury trial in joint LMRA/ERISA delinquency cases and Defendants have asserted counterclaims that necessitate

///
///
///
///
///
///

a jury trial.

Dated this 22nd day of October 2024.

                                       Respectfully submitted,

                                       KAMER ZUCKER ABBOTT

By:   /s/ R. Todd Creer
        Gregory J. Kamer #0270
        R. Todd Creer #10016
        Dare E. Heisterman #14060
        6325 South Jones Boulevard, Suite 300
        Las Vegas, Nevada 89118
        Tel: (702) 259-8640
        Fax: (702) 259-8646

        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October 2024, the undersigned employee of Kamer Zucker Abbott served a copy of the foregoing **DEFENDANTS OLYMPUS CONSTRUCTION LV, INC., HOSPITALITY RENOVATION SERVICES, LCC, PHILIP GLEN FRIEDBERG, MARIE JAN BOWER, AND WESTERN NATIONAL MUTUAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENSES AND JURY DEMAND** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

Wesley J. Smith, Esq.
Kevin B. Archibald, Esq.
Dylan J. Lawter, Esq.
Christensen James & Martin, Chtd.
7440 West Sahara Avenue
Las Vegas, Nevada 89117

*Attorneys for Plaintiffs*

Kurt C. Faux, Esq.
Willi H. Siepmann, Esq.
Jordan F. Faux, Esq.
The Faux Law Group
2625 North Green Valley Parkway, #100
Henderson, Nevada 89014

*Attorneys for Great American Insurance Company*

By: /s/R. Todd Creer
An employee of Kamer Zucker Abbott